## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **MARK B. CUNNINGHAM,** | ) | Case No.: 4:20-CV-00661-ALM |
| | ) | |
| Plaintiff, | ) | Judge Amos L. Mazzant, III |
| | ) | |
| v. | ) | |
| | ) | |
| **CONCENTRIX SOLUTIONS** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer to Plaintiff's Complaint, Defendant Concentrix Solutions Corporation ("Concentrix"), by and through its counsel, states as follows:

1.      Defendant denies the allegations in Paragraph 1 of the Complaint.

2.      Defendant denies the allegations in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint states a legal conclusion requiring no response. To the extent a response to Paragraph 3 is required, Defendant admits Plaintiff alleges retaliation claims but denies the existence of facts or circumstances justifying such claims. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion requiring no response. To the extent a response to Paragraph 4 is required, Defendant admits Plaintiff is seeking damages but denies the existence of facts or circumstances justifying such relief. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states a legal conclusion requiring no response. To the extent a response to Paragraph 5 is required, Defendant admits Plaintiff is seeking an

injunction but denies the existence of facts or circumstances justifying such relief. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.      In response to Paragraph 6 of the Complaint, Defendant admits that Plaintiff is a 61-year-old White male. Defendant denies the remaining allegations in Paragraph 6 of the Complaint for lack of information or knowledge.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     In response to Paragraph 10 of the Complaint, Defendant admits jurisdiction is proper, but denies the existence of facts or circumstances justifying this lawsuit.

11.     In response to Paragraph 11 of the Complaint, Defendant admits jurisdiction is proper, but denies the existence of facts or circumstances justifying this lawsuit. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     In response to Paragraph 13 of the Complaint, Defendant denies that Plaintiff received stock option grants. Defendant admits the remaining allegations in Paragraph 13 of the Complaint.

14.     Upon information and belief, Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     In response to Paragraph 15 of the Complaint. Defendant admits Plaintiff's performance ratings were recorded as 4 on a 5-point scale. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     In response to Paragraph 21 of the Complaint, Defendant admits that Plaintiff was tasked with filling a vacancy for an HR regional leadership position in North America and addressing performance related issues with the head of HR in the Philippines. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     In response to Paragraph 23 of the Complaint, Defendant denies that Plaintiff received a higher than average merit increase or stock option grants. Defendant admits the remaining allegations in Paragraph 23 of the Complaint.

24.     In response to Paragraph 24 of the Complaint, Defendant admits that Plaintiff traveled extensively during his employment and met other business executives in their regions throughout the world. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     In response to Paragraph 25 of the Complaint, Defendant admits Plaintiff planned and conducted meetings with employees around the world that had multiple purposes. Further answering, Defendant denies that such meetings always accomplished the purposes described.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27, including footnote 1, of the Complaint.

28.     Defendant admits the allegations in Paragraph 28 of the Complaint.

3

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     In response to Paragraph 30 of the Complaint, Defendant admits that Plaintiff was tasked with leading the integration of the Convergys employees into Concentrix. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     In response to Paragraph 31 of the Complaint, Defendant admits that Plaintiff received a bonus in 2019. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32.     In response to Paragraph 32 of the Complaint, Defendant admits Plaintiff's title was changed to Global Vice President in the third quarter of Fiscal Year 2019. Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint for lack of information or knowledge.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant admits the allegations in Paragraph 37 of the Complaint.

38.     In response to Paragraph 38 of the Complaint, Defendant admits that Steve Richie informed Plaintiff that the Global CHRO position would report to Richie and that the CHRO position would be a member of the SET. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39.     Defendant admits the allegations in Paragraph 39 of the Complaint.

40.     In response to Paragraph 40 of the Complaint, Defendant denies that the vacancy announcement contained the exact language identified. The document speaks for itself. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     In response to Paragraph 45 of the Complaint, Defendant admits that Plaintiff was asked by Richie to co-present one of Richie's several scheduled presentations at Defendant's annual company leadership kick-off meeting in January 2020, in Amsterdam, the Netherlands, because Richie was not able to attend due to conflicting family responsibilities. Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Defendant admits the allegations in Paragraph 46 of the Complaint.

47.     In response to Paragraph 47 of the Complaint, Defendant denies that Plaintiff's presentation to Defendant's executives attending the annual leadership meeting was very well received and that Plaintiff received nothing but excellent feedback about his presentation from those in attendance. Defendant denies the remaining allegations in Paragraph 47 of the Complaint for lack of information or knowledge.

48.     Defendant admits the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     In response to Paragraph 50 of the Complaint, Defendant denies that the Global CHRO position was a vacancy. Further answering, Defendant admits that Defendant was hiring for the CHRO role and that Plaintiff had applied and been interviewed for the position.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     In response to Paragraph 52 of the Complaint, Defendant denies any discriminatory announcement was made. Defendant denies the remaining allegations in Paragraph 52 of the Complaint for lack of information and knowledge.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint for lack of information or knowledge.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint for lack of information or knowledge.

55.     Defendant denies the allegations in Paragraph 55, including footnote 2, of the Complaint for lack of information or knowledge.

56.     Defendant admits the allegations in Paragraph 56 of the Complaint.

57.     In response to Paragraph 57 of the Complaint, Defendant admits that Richie informed Plaintiff that Plaintiff had not been selected for the Global CHRO position. Defendant cannot confirm or deny that the conversation occurred on February 13, 2020.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, Defendant admits that Richie informed Plaintiff that Plaintiff had support within the Company, that Richie and Caldwell did not want Plaintiff to leave or resign, and that Plaintiff was offered executive coaching. Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

60.     In response to Paragraph 60 of the Complaint, Defendant admits that Plaintiff was informed that Kim Sullivan was selected as Global CHRO. Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint for lack of information or knowledge.

62.     In response to Paragraph 62 of the Complaint, Defendant denies that Richie confirmed Sullivan's previous HR positions had extremely short tenures. Defendant denies the remaining allegations in Paragraph 62 of the Complaint for lack of information or knowledge.

63.     Defendant admits the allegations in Paragraph 63 of the Complaint.

64.     In response to Paragraph 64 of the Complaint, Defendant admits that at some point Plaintiff discussed standard procedures in his role with Sullivan. Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     In response to Paragraph 68 of the Complaint, Defendant admits that Sullivan and Plaintiff had a conversation about how he had also applied for the CHRO role and that Sullivan offered to support Plaintiff with his future goals. Defendant denies the remaining allegations in Paragraph 68 of the Complaint.

69.     In response to Paragraph 69 of the Complaint, Defendant admits that Plaintiff offered to help Sullivan. Defendant denies the remaining allegations in Paragraph 69 of the Complaint.

70.     Defendant admits the allegations in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     In response to Paragraph 73 of the Complaint, Defendant admits that Plaintiff and Sullivan had regular meetings. Defendant cannot admit or deny that a meeting occurred on March 30, 2020. Answering further, Defendant admits that Plaintiff offered to help Sullivan. Defendant denies the remaining allegations in Paragraph 73 of the Complaint.

74.     In response to Paragraph 74 of the Complaint, Defendant admits that Sullivan provided feedback for Plaintiff in which she explained ways in which he had behaved inappropriately. Answering further, Defendant admits that Sullivan encouraged Plaintiff to seek feedback from his colleagues. Defendant denies the remaining allegations in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     In response to Paragraph 76 of the Complaint, Defendant admits that Plaintiff told Sullivan he was surprised by her feedback. Defendant denies the remaining allegations in Paragraph 76 of the Complaint.

77.     In response to Paragraph 77 of the Complaint, Defendant admits that Plaintiff apologized to Sullivan. Defendant denies the remaining allegations in Paragraph 77 of the Complaint.

78.     In response to Paragraph 78 of the Complaint, Defendant admits that Plaintiff sent a WhatsApp message to Richie but denies that it is accurately quoted. The document speaks for itself. Defendant denies the remaining allegations in Paragraph 78 of the Complaint for lack of information or knowledge.

79.     In response to Paragraph 79 of the Complaint, Defendant admits that Richie sent a WhatsApp message to Plaintiff but denies that it is accurately quoted. The document speaks for itself. Defendant denies the remaining allegations in Paragraph 79 of the Complaint.

80.     In response to Paragraph 80 of the Complaint, Defendant admits that Richie said it was probably not a conversation to have by text. Defendant denies the remaining allegations in Paragraph 80 of the Complaint.

81.     In response to Paragraph 81 of the Complaint, Defendant admits that Plaintiff complained to Richie about Sullivan's lack of qualifications and experience. Defendant denies the remaining allegations in Paragraph 81 of the Complaint.

82.     Defendant admits the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     In response to Paragraph 84 of the Complaint, Defendant admits that Plaintiff was informed by Defendant on June 5, 2020 that his position was being eliminated. Defendant denies the remaining allegations in Paragraph 84 of the Complaint.

85.     Defendant admits the allegations in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant admits the allegations in Paragraph 87 of the Complaint.

88.     In response to Paragraph 88 of the Complaint, Defendant admits that Dan Woods was employed by Defendant in the same organizational unit as Plaintiff. Defendant denies the remaining allegations in Paragraph 88 of the Complaint for lack of information or knowledge.

89.     Defendant admits the allegations in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations in Paragraph 90 of the Complaint for lack of information or knowledge.

91.     Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint for lack of information or knowledge.

9

93.     Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     In response to Paragraph 94 of the Complaint, Defendant admits that it hired Jiquanda Nelson as Senior Director of Community and Culture and Ly Nguyen as Director of Communications, People Solutions, and that Ms. Nelson and Ms. Nguyen previously worked at Kaiser Permanente in the Seattle, Washington area. Defendant denies the remaining allegations in Paragraph 94 of the Complaint.

95.     Defendant admits the allegations in Paragraph 95 of the Complaint.

96.     In response to Paragraph 96 of the Complaint, Defendant admits that the last day Plaintiff was listed as an employee was July 31, 2020.

97.     Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     In response to Paragraph 98 of the Complaint, Defendant admits that it hired a younger, Black female as CHRO. Defendant denies the remaining allegations in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint.

100.     In response to Paragraph 100 of the Complaint, Defendant admits that Plaintiff's annual salary at the time of his separation was $240,137 plus a 40% bonus. Defendant denies the remaining allegations in Paragraph 100 of the Complaint.

101.     In response to Paragraph 101 of the Complaint, Defendant admits that at the time of Plaintiff's separation he had 1,832 unvested shares of restricted Synnex stock valued at $124.72 per share upon market closing on July 31, 2020. Defendant denies the remaining allegations in Paragraph 101 of the Complaint.

102.     Defendant denies the allegations in Paragraph 102 of the Complaint.

103.     Defendant admits the allegations in Paragraph 103 of the Complaint.

104.     In response to Paragraph 104 of the Complaint, Defendant admits the EEOC issued a Notice of Right to Sue on August 21, 2020 and that a copy is attached to the Complaint as Exhibit 6. Defendant denies the remaining allegations in Paragraph 104 of the Complaint for lack of information or knowledge.

105.     Defendant admits the allegations in Paragraph 105 of the Complaint.

106.     In response to Paragraph 106 of the Complaint, Defendant restates and incorporates its responses to the foregoing allegations as if fully rewritten herein.

107.     Defendant denies the allegations in Paragraph 107 of the Complaint.

108.     Defendant denies the allegations in Paragraph 108 of the Complaint.

109.     Defendant denies the allegations in Paragraph 109 of the Complaint.

110.     In response to Paragraph 110 of the Complaint, Defendant restates and incorporates its responses to the foregoing allegations as if fully rewritten herein.

111.     Paragraph 111 of the Complaint states a legal conclusion requiring no response. To the extent a response is required, Defendant admits the allegations in Paragraph 111 of the Complaint.

112.     Defendant admits the allegations in Paragraph 112 of the Complaint.

113.     Defendant denies the allegations in Paragraph 113 of the Complaint.

114.     In response to Paragraph 114 of the Complaint, Defendant admits that a younger, Black female was hired for the CHRO role. Defendant denies the remaining allegations in Paragraph 114 of the Complaint.

115.     Defendant denies the allegations in Paragraph 115 of the Complaint.

116.     Defendant denies the allegations in Paragraph 116 of the Complaint.

117.    In response to Paragraph 117 of the Complaint, Defendant restates and incorporates its responses to the foregoing allegations as if fully rewritten herein.

118.    Defendant denies the allegations in Paragraph 118 of the Complaint.

119.    Defendant denies the allegations in Paragraph 119 of the Complaint.

120.    Defendant denies the allegations in Paragraph 120 of the Complaint.

121.    In response to Paragraph 121 of the Complaint, Defendant restates and incorporates its responses to the foregoing allegations as if fully rewritten herein.

122.    Defendant denies the allegations in Paragraph 122 of the Complaint.

123.    Defendant denies the allegations in Paragraph 123 of the Complaint.

124.    Defendant denies the allegations in Paragraph 124 of the Complaint.

125.    Defendant denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause, including all subparts.

126.    Defendant denies each and every allegation contained in Plaintiff's Complaint that is not specifically admitted herein.

### DEFENSES[1]

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims fail to the extent they are barred by any applicable statute of limitations or administrative time-limited filing periods.

3.    Plaintiff's claims may be barred by waiver, estoppel, preemption, and/or laches.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

---

[1]    The defenses in this Answer are set forth to insure compliance with Federal Rule of Civil Procedure 8(c), without representing or conceding that Defendant has the burden of proof or that the defenses necessarily constitute "avoidances" or "affirmative defenses" within the meaning of Federal Rule of Civil Procedure 8(c) or other applicable law. No defense in this Answer shall be deemed an affirmative defense unless failure to assert the defense will result in waiver thereof.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to exhaust administrative and other remedies or prerequisites to filing suit.

6.      Plaintiff's remedies are barred, in whole or in part, to the extent Defendant would have terminated Plaintiff in any event on the basis of after-acquired evidence.

7.      Plaintiff's remedies are barred to the extent that the allegations in the Complaint exceed the scope of the allegations contained in Plaintiff's charge of discrimination.

8.      Any alleged adverse employment actions taken regarding Plaintiff's employment with Defendant were the result of legitimate, non-discriminatory business decisions not made for any unlawful reason.

9.      Plaintiff's claims are barred, either in whole or in part, by the employment-at-will doctrine.

10.      Plaintiff cannot establish the requisite causation for the claims for which he seeks relief.

11.      To the extent Plaintiff alleges that his membership in a protected class(es) was a motivating factor in the decision(s) at issue in this case, Defendant states it would have made the same decision(s) regardless of Plaintiff's membership in such protected class(es).

12.      Defendant asserts that Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if Defendant is found liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

13.      Defendant asserts that Plaintiff's claims for damages are subject to any off-set amounts including but not limited to any monies earned by Plaintiff.

14.      Plaintiff is estopped from recovering damages against Defendant to the extent he has failed to mitigate alleged damages.

13

15.     The imposition of punitive damages in this case would contravene Defendant's rights under the Constitutions of Texas and the United States.

16.     Plaintiff's claim for punitive damages is barred by Defendant's good-faith efforts to comply with the law.

17.     Plaintiff's claims may be barred to the extent Plaintiff has declared bankruptcy and failed to list Plaintiff's claims in the action as assets.

18.     Defendant reserves the right to add such other defenses and affirmative defenses as become appropriate as discovery in this matter continues.

WHEREFORE, having fully answered, Defendant hereby requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its attorneys' fees and costs, and such other relief, legal and equitable, as is just.

Respectfully submitted,

*/s/ T. Ray Guy*
T. Ray Guy
Texas Bar No. 08648500
rguy@fbtlaw.com
Fred Gaona III
Texas Bar No. 24029562
fgaona@fbtlaw.com
FROST BROWN TODD LLC
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545.3472
Telecopier: (214) 545.3473

Tessa L. Castner (*pro hac vice application pending*)
Ohio Bar No. 0093808
tcastner@fbtlaw.com
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202

14

513-651-6800 – phone
513-651-6981 – fax

*Trial Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2020, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ T. Ray Guy*
T. Ray Guy
Texas Bar No. 08648500

1160264.0736132   4844-6745-1340v2