# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARK V. CUNNINGHAM, | § | |
| | § | |
| Plaintiff | § | Civil Action No. 4:20-cv-00661 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| CONCENTRIX SOLUTIONS | § | |
| CORPORATION, formerly known as | § | |
| CONCENTRIX CORPORATION, | § | |
| | § | |
| Defendant | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Quash and Objections to Subpoenas and Depositions (Dkt. #15). Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

### BACKGROUND

This is an employment discrimination case involving Plaintiff Mark V. Cunningham ("Cunningham") and Defendant Concentrix Solutions ("Concentrix"). On September 1, 2020, Cunningham filed this action alleging retaliation, race, sex, and age discrimination by Concentrix for not promoting him to Chief Human Resources Officer and terminating his employment (Dkt. #15). Cunningham claims Concentrix did not hire him for the position despite his superior experience and qualifications over the other candidate, Senior Vice President Kim Sullivan ("Sullivan") (Dkt. #15).

On January 8, 2021, Cunningham served a Notice of Deposition By Written Questions and Subpoena on Encompass Health, Walgreens Company, University of Texas Health System, and Kaiser Permanente, Sullivan's former employers (Dkt. #15 1-4XXX). The subpoenas sought the

following from each company:

    A. The personnel file of Kim Sullivan.

    B. Any resume and/or application for employment submitted by, or about, Kim Sullivan to Encompass Health.

    C. Any job offers, letter, or communication that details the terms of Kim Sullivan's employment with Encompass Health.

    D. Any job description for the job(s) held by Kim Sullivan while employed by Encompass Health.

    E. A description of the job duties actually performed by Kim Sullivan while employed by Encompass Health.

    F. A description of any international job duties and/or responsibilities, if any, for which Kim Sullivan was directly responsible while employed by Encompass Health.

    G. Any claims of discrimination, harassment, retaliation asserted by Kim Sullivan against Encompass Health and the resolution of those complaints.

    H. Any claims of discrimination, harassment, or retaliation, asserted against Kim Sullivan while employed at Encompass Health and the resolution of those complaints.

    I. Any complaints of any kind asserted against Kim Sullivan while employed at Encompass Health; and the resolution of those complaints.

    J. Any documentation or communication referring or relating to the circumstances around Kim Sullivan's departure from Encompass Health.

    K. Any job evaluations, reprimands, disciplinary, and/or termination documents or communications issued by Encompass Health to Kim Sullivan.

    L. The dates Kim Sullivan was employed at Encompass Health, from the inception of employment to her termination at Encompass Health.

    M. Whether Kim Sullivan voluntarily resigned from employment, was terminated o resigned in lieu of termination from employment at Encompass Health.

For purposes of this Order, the nine requests can be grouped together into four categories: (1) personnel and performance information (A, B, C, K, and L); (2) documents about Sullivan's job

2

duties (D, E, and F); (3) documents related to claims of discrimination, harassment, or retaliation (G, H, and I); and (4) documentation regarding Sullivan's departure (J and M).

On January 20, 2021, Concentrix filed a Motion to Quash and Objections to Subpoenas and Depositions directed to Sullivan's former employers (Dkt. #15). On January 28, 2021, Cunningham responded (Dkt. #16).

## LEGAL STANDARD

Rule 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

A party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a 'personal right or privilege with respect to the materials subpoenaed.'" *Diamond Consortium Inc. v. Manookian*, 4:17-MC-00002, 2017 WL 699052, at *1 (E.D. Tex. Feb. 22, 2017) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Nevertheless, a party has standing to move for a protective order under to Rule 26(c) even if they do not have standing under Rule 45(d) to quash the subpoena. *See* FED. RULE. CIV. P. 26(C)(1) (A *party* or any person from whom discovery is sought may move for a protective order) (emphasis added); *accord River House Partners, LLC v. Grandbridge Real Estate Capital LLC*, No. 15-58-BAJ-RLB, 2016 WL 3747613, *3 (M.D. La. July 11, 2016).

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an

3

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is on the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

Concentrix requests the Court quash the subpoenas to Encompass Health, Walgreens Company, University of Texas Health System, and Kaiser Permanente because: (1) the information violates Sullivan's right to privacy; and (2) the information is irrelevant. In the alternative, Concentrix requests the Court limit discovery by granting a protective order. Cunningham disagrees.

The Court finds: (1) Concentrix does not have standing to quash the subpoenas based on undue burden and relevance; and (2) a protective order is already in place (Dkt. #12). The motion is therefore denied.

### I.  Standing[1]

---

[1] Neither party addresses standing, however the Court has an independent obligation to examine standing. See *Association of American Physicians & Surgeons, Inc. v. Texas Medical Bd.*, No. 5:07CV191, 2008 WL 2944671, at 3 (E.D. TX. July 25, 2008) (noting "although the parties have not raised this issue in the briefing, the Court is bound by the text of Rule 45")

Concentrix does not have standing to quash the subpoenas under Rule 45(d) because it does not have a personal right or privilege in the information. *See, e.g.*, *Performance Pulsation Control, Inc. v. Sigma Drilling Technologies, LLC*, No. 4:17-CV-00450, 2018 WL 5636160, at *2-3 (E.D. TX. October 30, 2018) (finding a company did not have a personal right or privilege in the communications and contacts of a client); *Old Towne Dev. Grp., L.L.C. v. Matthews*, 2009 WL 2021723, at *1 (M.D. La. July 9, 2009) (finding a party only had standing to challenge a subpoena issued to a bank because they claimed a legitimate privacy interest in the requested bank records).

Cunningham's subpoenas seek information about Sullivan from four of her former employers. While Sullivan is a current employee of Concentrix, the information only relates to Sullivan's work before joining the company. The subpoenas do not seek private financial information from Concentrix or records about Sullivan's performance at Concentrix, but rather Sullivan's performance evaluations and disciplinary record.

Sullivan has standing to quash the subpoenas, not Concentrix. As Concentrix does not have standing to quash the subpoenas, the motion to quash is denied on those grounds.

## II. Protective Order

Alternatively, Concentrix moves for a protective order prohibiting discovery of Sullivan's employment records. But there is already a protective order in this case (Dkt. #12). This protective order covers all privacy issues arising from the lawsuit, including those related to Sullivan's employment records. For example, the protective order provides "all documents or discovery responses designated by the producing party as "Confidential Information" . . . will be designated as Protected Documents and are entitled to confidential treatment as described . . . in compliance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence and Local Rules of this Court" (Dkt. #12 at pp. 2-3).

Cunningham acknowledges the protective order in his response, agreeing to "abide by that agreement that any information obtained through these subpoenas will be, if appropriate, protected under that protective order" (Dkt. #16 at pp. 6-7). Though Concentrix is concerned by the disclosure of Sullivan's "Social Security number, financial account details, familial matters, earnings, credit history, and medical information (Dkt. 15 at p. 5)," the parties agreed "all designated Protected Documents are entitled to Confidential Information treatment (Dkt. #12 at p. 3).

The protective order has steps to follow if a party takes issue with a document being designated as protected. As a protective order is already in place, Concentrix's motion to limit the scope of the subpoenas is denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Quash and Objections to Subpoenas and Depositions (Dkt. #15) is hereby **DENIED**.

**SIGNED this 8th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE