# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MARK V. CUNNINGHAM, | § | |
| | § | |
| Plaintiff | § | Civil Action No. 4:20-cv-00661 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| CONCENTRIX SOLUTIONS | § | |
| CORPORATION, formerly known as | § | |
| CONCENTRIX CORPORATION, | § | |
| | § | |
| Defendant | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Quash and Objections to Subpoena (Dkt. #11). Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

## BACKGROUND

This is an employment discrimination case involving Plaintiff Mark V. Cunningham ("Cunningham") and Defendant Concentrix Solutions ("Concentrix"). On September 1, 2020, Cunningham filed this action alleging retaliation, race, sex, and age discrimination by Concentrix for not promoting him to Chief Human Resources Officer and terminating his employment (Dkt. #11). Cunningham claims Concentrix did not hire him for the position despite his superior experience and qualifications over the other candidate (Dkt. #11).

On December 9, 2020, Concentrix served a Notice of Deposition By Written Questions and Subpoena on Alorica, Inc. ("Alorica"), Cunningham's former employer. (Dkt. #11-1). The subpoena sought the following documents:

A. The personnel file of Mark B. Cunningham.

B. Any resume and/or application for employment submitted by Mark B. Cunningham

to Alorica.

C. Any job offer, letter, or communication that details the terms of Mark B. Cunningham's employment with Alorica.

D. Any pay records maintained by Alorica for Mark B. Cunningham from January 1, 2015 to the present, including but not limited to, any paychecks, pay stubs, payroll registries, W-2s and 1099s.

E. Any job description for the job(s) held by Mark B. Cunningham.

F. A description of any benefits received by Mark B. Cunningham.

G. Any claim of discrimination, harassment, or retaliation asserted by Mark B. Cunningham against Alorica.

H. Any documentation referring or relating to the circumstances around Mark B. Cunningham's departure from Alorica.

I. Any job evaluations, reprimands, disciplinary, and/or termination documents issued by Alorica to Mark B. Cunningham.

On December 29, 2020, Cunningham filed a Motion to Quash and Objections to Subpoena (Dkt. #11). Cunningham does not object to categories B and E, but objects to each other category. (Dkt. #11). On January 7, 2020, Concentrix responded (Dkt. #14).

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. Under Rule 45, a party may serve a subpoena commanding a nonparty "to . . . produce designated documents electronically stored information, or tangible things in that person's possession custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving

party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

When determining if a subpoena is relevant, courts apply the relevancy standard from Rule 26(b)(1). Under Rule 26(b)(1), parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). This broad construction permits discovery of all "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The bar for relevancy is low and includes any matter "that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[1] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). While discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition," parties must make a reasonable effort to comply. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

When determining if a subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Subpoenas pose an undue burden when the subpoena is facially overbroad. *Id.* Facially overbroad subpoenas include those that "seek all documents concerning the parties to [the underlying] action, regardless of whether those

---

[1] Local Rule CV-26(d) provides some considerations for whether a particular piece of information is relevant, including if the information: (1) would support the parties' contentions; (2) includes persons who might reasonably be expected to be deposed or called as a witness; (3) is likely to influence the outcome of a claim or defense; and (4) deserves to be considered in the preparation for trial.

3

documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (internal citations omitted).

## ANALYSIS

Cunningham requests the Court quash the subpoena to Alorica because they are irrelevant, overly broad, and unduly burdensome. Concentrix disagrees. The Court denies each objection because the documents are not protected by privilege and the information is relevant, not overly broad, and not unduly burdensome.

For purposes of this Order, the nine requests can be grouped together into four categories: (1) personnel and performance information (A, C, and I); (2) documents about Cunningham's departure from Alorica (H and I); (3) pay records and benefits (D and F); and (4) past claims about employment discrimination (G).

### 1. General Objections

Cunningham first generally objects to the subpoena to the extent they: (1) call for disclosure of privileged information and attorney work product; and (2) are duplicative to the items sought in Concentrix's first request for production and interrogatories.

As an initial matter, Cunningham did not support any of his objections with substantive argument. In the Fifth Circuit, a party resisting discovery "must show specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). When a plaintiff fails to identify how a specific document or set of documents would not be relevant, the plaintiff fails to meet their burden and the objections should be overruled. *See Powell v. Assisted Living Concepts, Inc.*, No. 6:12–v–44, 2012 WL 13033995, *2 (W.D. Tex. Sept. 20, 2012).

While Cunningham is correct that privileged information and attorney work product are protected from discovery under Rule 26(a)(1)(iii), none of the requests seek this type of information. Concentrix subpoenaed a third-party for basic records about Cunningham's past employment. Past discrimination claims could theoretically include attorney-client information, but Concentrix only seeks the claim itself, not discovery from the case. Cunningham did not identify any other documents covered by attorney-client privilege. And though some of the requests may be duplicative from previous discovery requests, Rule 26(b)(2)(C)(i) only requires the Court limit discovery as duplicative when it "can be obtained from some other sources that is more convenient." Concentrix asserts Cunningham refused to comply with any other direct request for the records, thus the subpoena is necessary. As there is no indication the records are privileged and the requests are not duplicative, Cunningham's general objections are denied.

2. **Relevance**

Next, Cunningham objects to each request because they are "totally irrelevant to the issues of whether Defendant Concentrix discriminated and retaliated against Plaintiff . . . and to the damages Plaintiff is seeking from Defendant" (Dkt. #11 at pp. 7-10). Concentrix argues each category is relevant because they reflect Cunningham's qualifications for the Chief Human Resources Officer position and support its defense against damage (Dkt. #14 at p. 4).

Each category of subpoena is relevant. First, personnel and performance information are relevant because they go to whether Cunningham was more qualified for the promotion than the successful candidate. To raise a prima facie case of employment discrimination, Cunningham must show he met all criteria for the promotion and Concentrix treated him differently from similarly situated employees. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). Information in the personnel file from Alorica, like job evaluations, reprimands, and disciplinary

records, could refute his qualifications.

Second, documents regarding Cunningham's departure from Alorica could indicate whether he was qualified for the position. Termination from Alorica could suggest Cunningham similarly did not meet expectations during his time with Concentrix. The information is also relevant for impeachment purposes because Concentrix and Cunningham disagree about the timeframe and circumstances regarding his termination.

Third, pay and benefit records are relevant because they establish Cunningham's earning capacity, providing insight into whether he mitigated damages post-employment. They may also demonstrate Cunningham's qualification for the promotion: if he made significantly less at Alorica, he may have been less qualified for the Concentrix position.

Lastly, past claims against employers for discrimination are relevant because they could speak to Cunningham's credibility and motive for filing the lawsuit. As each subpoena is relevant, Cunningham's objections are denied.

### 3. Overly Broad

Next, Cunningham objects to each subpoena as overly broad, though he does not provide any argument beyond stating "this subpoena clearly imposes an undue burden on Alorica and is overly broad and a blatant abuse of this Court's subpoena power." (Dkt. #11 at p. 4). Concentrix also does not provide any argument on the issue beyond calling the objection and boilerplate and unsupported by any affidavit. (Dkt. #14 at pp. 9-10).

Still, the Court finds the subpoena is not overly broad. Concentrix requested a small number of documents in defined categories. Requests A, B, C, E, and F can all likely be answered by producing one page of information. Request D is narrowly defined by period of January 2015 to present, and only asks for financial records about past employment. Requests G, H, and I all

only ask about one event, of which Alorica likely has records. In a case alleging employment discrimination by Concentrix, a handful of requests about Cunningham's qualifications and damages cannot be overly broad when Cunningham seeks to prove he was the more qualified candidate for the promotion. As none of the requests are overly broad, Cunningham's objection is denied.

### 4. Unduly Burdensome

Finally, Cunningham objects to each subpoena as unduly burdensome, though he does not explain (Dkt. #11 at pp. 7-10). Concentrix argues: (1) Cunningham has not carried his burden on proving the issue; and (2) the subpoena is not unduly burdensome because they are directed at Alorica (Dkt. #14 at pp. 8-9).

The Court finds the subpoena is not unduly burdensome. As addressed above, each of the requests is relevant because they either go to Cunningham's qualifications for the promotion, his credibility, or mitigation of damages. Because Cunningham has not complied with previous discovery requests, the subpoena is necessary to obtain the discoverable information. The breadth of the subpoena is narrow because they only seek information from one past employer about Cunningham's limited time with the company. The time period of the subpoena is narrow because Concentrix is only asking about isolated events and seeking pay records from January 1, 2015, to present. Concentrix also described each document with particularity and even specified examples of different personnel records and financial information. And finding records is not burdensome because all should be easily found in Alorica's possession. As the subpoena is not unduly burdensome under the Fifth Circuit's factors, Cunningham's objection is denied.

## CONCLUSION

As the subpoena is relevant, not overly broad, and not unduly burdensome, Alorica is

ordered to respond.[2]  It is therefore **ORDERED** that Plaintiff's Motion to Quash and Objections to Subpoena (Dkt. #11) is **DENIED**.

    **SIGNED this 8th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Although the Court believes the information is relevant, the Court is not determining as of this time whether the information is admissible.