THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARK B. CUNNINGHAM,** § | | |
| § | | |
| Plaintiff, § | | |
| § | Case No.: 4:20-CV-00661-ALM | |
| v. § | | |
| § | Judge Amos L. Mazzant, III | |
| **CONCENTRIX SOLUTIONS** § | | |
| **CORPORATION,** § | | |
| § | | |
| Defendant § | | |

### ENCOMPASS HEALTH CORPORATION'S MOTION TO QUASH AND OBJECTIONS TO SUBPOENA AND DEPOSITION ON WRITTEN QUESTIONS OR ALTERNATIVELY MOTION FOR PROTECTIVE ORDER

Encompass Health Corporation ("Encompass Health") asks the Court to quash Plaintiff Mark B. Cunningham's Subpoena and Deposition on Written Questions directed to Encompass Health pursuant to Federal Rule of Civil Procedure 45. Alternatively, Encompass Health seeks a protective order from the Court that would prevent the disclosure of Encompass Health's confidential, proprietary information as well as prevent the disclosure of Encompass Health's former employee's personnel records and information. After conferring with Plaintiff's counsel, the parties were unable to reach an agreement. Accordingly, Encompass Health sets forth its reasons for this Motion below in its Memorandum in Support.

I.   **INTRODUCTION**

Encompass Health is not a party to the pending litigation. As Encompass Health understands it, the Plaintiff, Mark Cunningham, alleges that his former employer,

Defendant Concentrix Solutions Corporation ("Concentrix"), discriminated against him based on race, sex, and age and then retaliated against him for making such allegations. (Doc. 1). Defendant Concentrix is the sole defendant, and no individual employees of Concentrix are being sued in this case.

The Plaintiff's allegations stem from him being passed up for a promotion by the Defendant while employed at Concentrix. The Plaintiff claims that he was not promoted based on discrimination, and instead, Kim Sullivan ("Ms. Sullivan"), a "younger Black female" was promoted to the Defendant's Global Chief Human Resource Officer. (*Id* ¶ 60). Ms. Sullivan is not a party to the litigation; however, Ms. Sullivan is now seeking to intervene in this case to protect her privacy. (Doc. 23).

Encompass Health has no connection to either party in this case, nor any knowledge of the allegations involved in the case. The only connection Encompass Health has to this case is that Encompass Health is the previous employer of Ms. Sullivan, a non-party to this case. Despite Encompass Health's lack of knowledge and connection to this case, on January 25, 2021, the Plaintiff served Encompass with a Subpoena for the Production of Documents and a Notice of Deposition by Written Questions. (Exhibit 1). After conferring with Plaintiff's counsel over the phone, with the agreement memorialized over email, the Plaintiff agreed to withdraw without prejudice the Subpoena and Deposition on Written Questions. (Exhibit 2). Counsel also agreed that the new discovery could be served on Encompass Health's attorney. Plaintiff's counsel has not re-served the discovery on Encompass Health. In an abundance of caution, Encompass Health files this Motion within

fourteen days of the Court's February 8, 2021 Memorandum Opinion (Doc. 20) and is therefore timely in filing its objections and moving to quash the subpoena.

The subpoenaed document requests are as follows:

A. The personnel file of Kim Sullivan.
B. Any resume and/or application for employment submitted by, or about, Kim Sullivan to Encompass Health.
C. Any job offers, letter, or communication that details the terms of Kim Sullivan's employment with Encompass Health.
D. Any job description for the job(s) held by Kim Sullivan while employed by Encompass Health.
E. A description of the job duties actually performed by Kim Sullivan while employed by Encompass Health.
F. A description of any international job duties and/or responsibilities, if any, for which Kim Sullivan was directly responsible while employed by Encompass Health.
G. Any claims of discrimination, harassment, retaliation asserted by Kim Sullivan against Encompass Health and the resolution of those complaints.
H. Any claims of discrimination, harassment, or retaliation, asserted against Kim Sullivan while employed at Encompass Health and the resolution of those complaints.
I. Any complaints of any kind asserted against Kim Sullivan while employed at Encompass Health; and the resolution of those complaints.
J. Any documentation or communication referring or relating to the circumstances around Kim Sullivan's departure from Encompass Health.
K. Any job evaluations, reprimands, disciplinary, and/or termination documents or communications issued by Encompass Health to Kim Sullivan.
L. The dates Kim Sullivan was employed at Encompass Health, from the inception of employment to her termination at Encompass Health.
M. Whether Kim Sullivan voluntarily resigned from employment, was terminated or resigned in lieu of termination from employment at Encompass Health.

(Exhibit 1).

Additionally, the Plaintiff served a Notice of Deposition on Written Questions directed to Encompass Health's Custodian of Records to answer questions authenticating the documents to be produced.

Ms. Sullivan has since intervened in this case (Doc. 23) and has filed a Motion to Quash and in the Alternative Motion for Protective Order to quash all of the subpoenas and depositions on written questions served on her former employers including Encompass Health. (Doc. 24). Encompass Health now seeks to Quash the Subpoena and the Notice of Deposition on Written Questions pursuant to Federal Rule of Civil Procedure 45 and objects to the subpoena.

## II. **OBJECTIONS**

Encompass Health objects to the subpoena as all the requested information is Encompass Health and Ms. Sullivan's protected, privileged information. All the information sought is outside the scope of discovery as it is not relevant to a claim or defense but is merely a fishing effort to discover confidential personnel and business information. Fed. R. Civ. Proc. 26(b)(1). Encompass Health also objects to extent that some of the requests require Encompass Health to create a document which does not exists. *See* Request for Production E, F, L, M. Encompass Health further objects to Request J as it is vague, ambiguous, and unduly burdensome as "[a]ny documentation or communication referring or relating to the circumstances around Kim Sullivan's departure…" is vague and would likely include hundreds of documents and emails that are not relevant to the reason Ms. Sullivan left Encompass Health. Finally, Encompass Health objects to the subpoena as it is procedurally insufficient. Specifically, the subpoena fails to state the date and time for production and fails to set out the text of Rule 45(d) and (e) as required by Federal Rule of Civil Procedure 45.

### III. <u>ARGUMENT</u>

#### A. <u>The Subpoena Should Be Quashed.</u>

##### 1. **Standard of Review.**

The Subpoena and Notice Deposition on Written Questions served on Encompass Health should be quashed because the documents requested to be produced infringe on the confidential information of Encompass Health and violate the privacy rights of Encompass Health's prior employee, Ms. Sullivan. A court must quash a subpoena that "requires disclosure of privileged or other protected matter," and may quash a subpoena that requires the disclosure of confidential commercial information. Fed. R. Civ. Proc. 45(d)(3)(A)-(B). Additionally, all information requested from Encompass Health is not relevant to any party's claim or defense; therefore, falls outside the scope of discovery and should not be permitted. Fed. R. Civ. Proc. 26(b)(1).

##### 2. **Encompass Health has Standing to Quash the Subpoena.**

Encompass Health has standing to quash this subpoena and deposition on written questions as both were served on Encompass Health, and Encompass Health is in possession of the materials subpoenaed. *See e.g., Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979) ("Braddick and Lindsey do not have standing to raise the issue of Grainger's amenability to the compulsory process of the district court since **they are not in possession of the materials subpoenaed**") (emphasis added); *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D. Kan. 1995) ("A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the

subject matter requested in the subpoena.") Encompass Health's confidential, proprietary information was subpoenaed; therefore, Encompass Health has standing to raise its objections to the subpoena as it seeks Encompass Health's privileged, protected information and Encompass Health's former employee's privileged information in Encompass Health's possession. Fed. R. Civ. P. 45(d)(3).

> 3. **The Subpoena Requests Encompass Health's Confidential, Proprietary Information Which Is Protected and Ms. Sullivan's Protected Information; Therefore, The Subpoena and Deposition On Written Question Should Be Quashed.**

Federal Rule of Civil Procedure 45(d)(3)(B) permits the quashing of a subpoena to "protect a person subject to…a subpoena" from disclosing "commercial information." The request for employment documents related to Ms. Sullivan, not only subjects her personal, confidential information to unnecessary disclosure, but also subjects Encompass Health's confidential, proprietary information to disclosure. Encompass Health is not a party. None of Encompass Health's confidential business information is relevant to this lawsuit; however, the subpoena requests an abundance of information that includes Encompass Health's protected, confidential, business information. For example, Ms. Sullivan's personnel file includes documentation on Encompass Health's hiring process, how Encompass Health compensates employees, benefits provided to employees, how Encompass Health evaluates employee performance, incentive programs, and Encompass Health's business structure, just to name a few. All these documents are confidential and protected. Encompass Health does not disclose this protected information to the public and seeks to keep it confidential.

Additionally, Encompass Health has an interest in protecting the protected information retained on previous employees. Federal courts recognize that an employee's personnel records and other employment information are protected by a right to privacy, and that discovery of "the personnel files of non-party employees present 'special concerns' about the privacy rights of the individuals involved." *See In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.,* 313 F.R.D. 32, 36 (E.D. La. 2016) (citing *Poseidon Oil Pipeline Co., L.L.C. v. Transocean Sedco Forex, Inc.*, No. 00–2154, 2002 WL 1919797, at *4 (E.D.La. Aug. 20, 2002). The information requested to be produced in the subpoena contains information about Ms. Sullivan's employment history with Encompass Health. The extensive records requested include performance reviews, reprimands, her entire personnel file (which contains her social security number and other personally identifying information), and information regarding her departure from Encompass Health. All of this information is highly confidential. Ms. Sullivan's right to privacy would be violated if these documents were produced. Encompass Health seeks to protect the confidentiality of Ms. Sullivan by not disclosing or authenticating such documents.

    **4.    The Information Sought Is Wholly Irrelevant To The Pending Litigation And Is Merely A Fishing Expedition.**

Only relevant information is discoverable. Fed. R. Civ. P. 26(b)(1). The information sought with the subpoena for production of documents is not relevant to a party's claim or defense in this case. Courts hold that, "if the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance but when relevancy is not apparent on the face of the request, the party seeking the discovery has the

burden to show the relevancy of the request." *Hawn v. Vitas Hospice Servs. LLC,* No. 1:19-CV-220, 2020 WL 5230713, at *3 (S.D. Ohio Sept. 2, 2020) (internal citation and quotations omitted). Here, the face of this discovery request is not relevant to why Ms. Sullivan was promoted over the Plaintiff. Therefore, the Plaintiff should bear the burden of showing the relevancy of these requests. *Id.*

As discussed above, this is a discrimination case where the Plaintiff alleges the Defendant corporation discriminated against him in awarding Ms. Sullivan a position over him. (Doc. 1). Encompass Health is not a party. Ms. Sullivan is not a party. How the Defendant made its decision to hire Ms. Sullivan is relevant; however, the requested internal Encompass Health files and information were not available for the Defendant to review in making its decision to hire Ms. Sullivan; in fact, some of the requested documents were not in existence and would require Encompass Health to create new documents. Thus, none of the documents in Encompass Health's possession are relevant to whether the Defendant discriminated against the Plaintiff in selecting Ms. Sullivan for the position of Chief Human Resources Officer. The heart of this case is not whether Ms. Sullivan is *actually* the more qualified candidate based on discovery of documents and information that the Defendant did not possess and did not consider in making the decision at issue in this case. Instead, what is relevant is Defendant's motive and whether the Defendant had a good faith belief that Ms. Sullivan was the more qualified candidate based on the information the Defendant *actually* had when making its decision to hire Ms. Sullivan. *See Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1092 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with

8

discriminatory motive."). The information the Defendant reviewed and relied on in making its decision is information that would be available for discovery from the Defendant, not Encompass Health. Therefore, instead of unduly burdening a non-party by fishing for irrelevant, confidential, and protected information from Encompass Health, the Plaintiff should be redirected to make discovery requests to the Defendant to obtain the relevant documents in this case. Accordingly, the Subpoena and the Deposition by Written Questions should be quashed.

## B. A Protective Order Preventing Encompass Health From Having To Disclose Encompass Health's Confidential Information And Ms. Sullivan's Private Information Is Warranted.

Alternatively, Encompass Health seeks a protective order prohibiting the discovery of Encompass Health's confidential business information and Ms. Sullivan's Encompass Health employment records. The Federal Rules of Civil Procedure permit a Court to limit discovery when "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). As detailed above, all the requested information is outside the scope of discovery and merely a fishing expedition. Further, Rule 26(c) allows a Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…forbidding the disclosure or discovery". *Id.* 26(c). Although there is a protective order in this case (Doc. 12), this protective order is insufficient to protect Encompass Health's proprietary information and Ms. Sullivan's personal information. Therefore, Encompass Health seeks an alternative protective order forbidding Encompass Health from disclosing this confidential information.

## IV. CONCLUSION

For the reasons set forth above, Encompass Health respectfully asks that the Court grant this Motion to Quash and Objections to the Subpoena and Deposition on Written Questions, or alternatively, grant Encompass Health's Motion for Protective Order.

> Respectfully submitted,
>
> **BRADLEY ARANT BOULT CUMMINGS LLP**
>
> */s/ James A. Collura, Jr*
> James A. Collura, Jr.
> TX Bar No: 24044502
> 600 Travis St., Suite 4800
> Houston, Texas 77002
> (713) 576-0300 (phone)
> (713) 576-0301 (facsimile)
> Jcollura@bradley.com
>
> **LEAD ATTORNEY FOR ENCOMPASS HEALTH**

## CERTIFICATE OF CONFERENCE

Counsel for Encompass Health hereby certifies that he has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Encompass Health had a personal conference with counsel for the Plaintiff, Jaime Ramon, over the phone and through email on February 3, 2021 and February 4, 2021, and again over email on February 22, 2021 regarding the relief sought in this Motion in an effort to resolve the matter extrajudicially. Counsel for Encompass Health and the Plaintiff were unable to come to a resolution because the Plaintiff refused to withdraw the subpoena and deposition on written questions with prejudice. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for the Plaintiff has advised that he opposes this Motion.

> */s/ James A. Collura, Jr.*
> James A. Collura, Jr.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record in accordance with the Federal Rules of Civil Procedure this 22nd day of February, 2021.

                                          */s/ James A. Collura, Jr.*
                                          James A. Collura, Jr.