# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARK V. CUNNINGHAM, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> CONCENTRIX SOLUTIONS § <br> CORPORATION, formerly known as § <br> CONCENTRIX CORPORATION, § <br> § <br> Defendant § <br> § | Civil Action No. 4:20-cv-661 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Kim Sullivan's Motion to Intervene (Dkt. #23). Having considered the Motion and briefing, the Court finds the Motion should be **GRANTED**. Also pending before the Court is Kim Sullivan's Motion to Quash Subpoenas and Depositions on Written Questions (Dkt. #24). Having considered the Motion and briefing, the Court finds the Motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This is an employment discrimination case involving Plaintiff Mark V. Cunningham ("Cunningham") and Defendant Concentrix Solutions ("Concentrix"). On September 1, 2020, Cunningham filed this action alleging retaliation, race, sex, and age discrimination by Concentrix for not promoting him to Chief Human Resources Officer and terminating his employment (Dkt. #15). Cunningham claims Concentrix did not hire him for the position despite his superior experience and qualifications over the other candidate, Senior Vice President Kim Sullivan ("Sullivan") (Dkt. #15).

On January 8, 2021, Cunningham served a Notice of Deposition By Written Questions and

Subpoena on Encompass Health, Walgreens Company, University of Texas Health System, and Kaiser Permanente, Sullivan's former employers (Dkt. #15 at pp. 1-4). The subpoenas sought the following from each company:

A.  The personnel file of Kim Sullivan.

B.  Any resume and/or application for employment submitted by, or about, Kim Sullivan to Encompass Health.

C.  Any job offers, letter, or communication that details the terms of Kim Sullivan's employment with Encompass Health.

D.  Any job description for the job(s) held by Kim Sullivan while employed by Encompass Health.

E.  A description of the job duties actually performed by Kim Sullivan while employed by Encompass Health.

F.  A description of any international job duties and/or responsibilities, if any, for which Kim Sullivan was directly responsible while employed by Encompass Health.

G.  Any claims of discrimination, harassment, retaliation asserted by Kim Sullivan against Encompass Health and the resolution of those complaints.

H.  Any claims of discrimination, harassment, or retaliation, asserted against Kim Sullivan while employed at Encompass Health and the resolution of those complaints.

I.  Any complaints of any kind asserted against Kim Sullivan while employed at Encompass Health; and the resolution of those complaints.

J.  Any documentation or communication referring or relating to the circumstances around Kim Sullivan's departure from Encompass Health.

K.  Any job evaluations, reprimands, disciplinary, and/or termination documents or communications issued by Encompass Health to Kim Sullivan.

L.  The dates Kim Sullivan was employed at Encompass Health, from the inception of employment to her termination at Encompass Health.

M.  Whether Kim Sullivan voluntarily resigned from employment, was terminated or resigned in lieu of termination from employment at Encompass Health.

2

For purposes of this Order, the nine requests can be grouped together into four categories: (1) personnel and performance information (A, B, C, K, and L); (2) documents about Sullivan's job duties (D, E, and F); (3) documents related to claims of discrimination, harassment, or retaliation (G, H, and I); and (4) documents regarding Sullivan's departure (J and M).

On January 20, 2021, Concentrix filed a Motion to Quash and Objections to Subpoenas and Depositions directed to Sullivan's former employers (Dkt. #15). On February 8, 2021, the Court dismissed Concentrix's Motion for lack of standing (Dkt. #20).

On February 18, 2021, Sullivan moved to intervene and to quash the subpoenas and depositions directed to her former employers (Dkt. #23, 24). On March 3, 2021, Cunningham responded (Dkt. #26). On March 5, 2021, Sullivan replied (Dkt. #29).

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. Under Rule 45, a party may serve a subpoena commanding a nonparty "to . . . produce designated documents electronically stored information, or tangible things in that person's possession custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

When determining if a subpoena is relevant, courts apply the relevancy standard from Rule 26(b)(1). Under Rule 26(b)(1), parties may discover "any nonprivileged matter that is relevant to

3

any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). This broad construction permits discovery of all "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The bar for relevancy is low and includes any matter "that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[1] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). While discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition," parties must make a reasonable effort to comply. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

Federal Rule of Civil Procedure 24 provides for two forms of intervention: (1) intervention of right (mandatory intervention); and (2) permissive intervention. FED. R. CIV. P. 24. A proposed intervenor is entitled to mandatory intervention if the following elements are satisfied:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

FED. R. CIV. P. 24(a)(2); *accord Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). "'The rule is to be liberally construed,' with 'doubts resolved in favor of the proposed intervenor.'" *Uniloc 2017 LLC v. AT&T Mobility LLC*, No. 2:18-CV-514, 2019 WL 1773117, *1 (E.D. Tex. Apr. 23, 2019) (quoting *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d

---

[1] Local Rule CV-26(d) provides some considerations for whether a particular piece of information is relevant, including if the information: (1) would support the parties' contentions; (2) includes persons who might reasonably be expected to be deposed or called as a witness; (3) is likely to influence the outcome of a claim or defense; and (4) deserves to be considered in the preparation for trial.

4

198, 203 (5th Cir. 2016).

If intervention is not mandatory, then it is permissive. A court may permit anyone to intervene whom "has a claim or defense that shares with the main action a common question of law or fact" as long as the intervention does not "unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b)(1)(b), (b)(3). This decision to permit intervention is a "wholly discretionary" one, even if there is a common question of law or fact and the requirements of Rule 24(b) are satisfied. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 1-15-CV-134, 2015 WL 11613286, at *2 (W.D. Tex. Dec. 22, 2015) (quoting *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984)).

## ANALYSIS

Sullivan asks to intervene and quash the subpoenas because: (1) she has an interest in the case not adequately represented by the current parties; and (2) the subpoenas violate her right to privacy, are irrelevant, and are procedurally deficient (Dkt. #23, 24). Cunningham disagrees, arguing Sullivan's intervention and subpoenas are untimely, the subpoenas are relevant, and a protective order already shields her privacy interest (Dkt. #26).

The Court grants Sullivan's Motion to Intervene because she has an interest in the case not represented by the current parties, but denies in part her Motion to Quash because the information is relevant and shielded by a protective order.

### I. Intervention

Sullivan moves to intervene because she has a privacy interest in the subpoenas and her interest is not adequately represented by the current parties (Dkt. #23 at pp. 2-5). Cunningham does not dispute Sullivan's privacy interest in the subpoenas, but argues her intervention is untimely and her interest is adequately represented by Concentrix (Dkt. #26 at pp. 3-4).

5

The Court finds Sullivan's intervention should be granted under both the mandatory and permissive legal standard. Cunningham argues intervention is improper, but the test for intervention is "liberally construed" and courts generally "allow intervention where no one would be hurt and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653, 656–57 (5th Cir. 2015). Sullivan timely moved to intervene, has an interest in the subpoenas, and her interest is threatened without intervention.

First, Sullivan may intervene because her intervention is timely. Rule 24 does not specify when a motion to intervene is timely, but rather leaves the determination to the court. *Sec. & Exch. Comm'n v. Sethi Petroleum LLC*, No. 4:15-CV-00338, 2020 WL 363777, at *7 (E.D. Tex. Jan. 22, 2020) (citing FED. R. CIV. P. 24(a)(2)). Interpreting Rule 24, the Fifth Circuit measures the timeliness requirement from either: (1) the time the intervenor knew about the threat to their interest; or (2) the time the intervenor "became aware that [their] interest would no longer be protected by the existing parties." *Edwards v. City of Houston*, 78 F. 3d 983, 1000 (5th Cir. 1996). Cunningham argues Sullivan's intervention is untimely because she waited to intervene until after the Court denied Concentrix's motion to quash. But Sullivan only waited to intervene because she relied on Concentrix's motion to represent her interest (Dkt. #23 at p. 3). When Sullivan learned her intervention was necessary to protect her interest, she promptly filed the Motion. Because she acted promptly, her intervention is timely.

Second, Sullivan may intervene because she has a privacy interest in the subpoenas. Courts have held that "an employee has a personal right to [their] personnel files, and therefore has standing to challenge a subpoena for [their] personnel files." *Garcia v. Prof'l Contract Servs., Inc.*, No. A-15-CV-585-LY, 2017 WL 187577, at *1 (W.D. Tex. Jan. 17, 2017). Here, Cunningham's seeks extensive employment records from four of Sullivan's former employers. These

6

employment records contain private information, including her Social Security number, financial account details, familial matters, earnings, credit history, and medical information (Dkt. #23 at p. 4). Because she has an interest in protecting this personal privacy, she has a cognizable privacy interest in the subpoenas.

Lastly, Sullivan may intervene because her interest in personal privacy is not adequately represented by the current parties. Cunningham argues Sullivan's interest is protected because counsel for Concentrix also represents Sullivan. But Sullivan moved to intervene specifically because Concentrix lacked standing to quash the subpoenas on her behalf. If Sullivan does not intervene, there is no one else to protect her privacy interest. Because Concentrix cannot quash the subpoenas, Sullivan's interest is not adequately represented by the current parties.

As Sullivan has an interest in the subpoenas and this interest is not adequately represented by the current parties, the Court grants her Motion to Intervene.

## II.     Motion to Quash

Next, Sullivan moves to quash the subpoenas because they are irrelevant to the case, violate her right to privacy, and are procedurally flawed. Cunningham disagrees, arguing Sullivan waived her objections, the information is relevant, and the protective order protects her privacy interest.

The Court finds the Motion is timely and the subpoenas request relevant information, but should be redacted to avoid discovery of Sullivan's personal identifying information.

### 1. Timeliness

First, Cunningham argues the Motion is untimely because she objected more than fourteen days after he issued the subpoenas (Dkt. #26 at pp 4-5). Sullivan argues Cunningham misreads the law because there is no fourteen-day time limit for moving to quash a subpoena (Dkt. #29 at pp. 2-3).

7

The Court finds the Motion is timely. Contrary to Cunningham's argument, Sullivan did not raise objections, but rather moved to quash the subpoenas. Motions to quash are governed by a different legal standard than objections to a subpoena. While objections to subpoenas must be raised within fourteen days under Rule 45(d)(2)(B), motions to quash need only be "timely" as determined by the court. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. June, 12, 2018) ("Unlike serving Rule 45(d)(2)(B) written objections, a motion to quash is not subject to the 14 day requirement."); *Hoeflein v. Crescent Drilling and Production, Inc.*, No. SA-19-CV-01194-FB, 2020 WL 7643122 (W.D. Tex. Dec. 23, 2020) ("Plaintiffs are not the persons commanded to produce the documents…nor are Plaintiffs filing objections. Accordingly, the time limits imposed by Rule 45(d)(2)(B) do not govern.").

Here, Sullivan moved to quash the subpoenas as soon as the Court denied Concentrix's motion to quash for lack of standing. The only reason she waited to file this Motion was because she thought Concentrix's motion adequately protected her interest. When Sullivan learned she needed to intervene to protect her interest, she promptly filed the Motion. Granting Sullivan the opportunity to quash the subpoenas would not prejudice any party with undue delay, but denying her the opportunity would prejudice her ability to protect her privacy interest.

As Sullivan moved to quash the subpoenas immediately after she learned Concentrix lacked standing, her Motion is timely.

**2. Relevance**

Second, Sullivan argues the subpoenas are not relevant because the employment discrimination dispute only concerns Cunningham's qualifications (Dkt. #24 at pp. 7-11). Cunningham argues Sullivan's employment records are relevant because they prove that he was the most qualified candidate for the position (Dkt. #26 at pp. 5-6).

8

The Court finds each category of the subpoenas is relevant. Sullivan argues Cunningham's request for her employment records from previous employers is "a fishing expedition in an effort to attack [her] character and credibility" (Dkt. #24 at p. 9). But to raise a prima facie case of employment discrimination, Cunningham must show he met all criteria for the promotion and Concentrix treated him differently from similarly situated employees. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). Demonstrating Concentrix treated him differently from similarly situated employees requires proving the successful candidate for the promotion, Sullivan, was less qualified for the position.

Personnel and performance information, documents about Sullivan's job duties, documents related to claims of discrimination, harassment, or retaliation, and documents regarding Sullivan's departure all evidence her qualification for the Chief Human Resources Officer position. Information in Sullivan's personnel and performance records, like job evaluations, reprimands, and disciplinary records, might demonstrate she lacked merit for the position. Documents about Sullivan's job duties might show that she lacked experience. And claims of harassment or a disgruntled departure from her previous employers might show she lacked integrity required for this position. The subpoenaed information is particularly relevant because Concentrix promoted Sullivan from within the company. Sullivan's performance at prior employers might discredit claims by Concentrix about her excellent performance with the company. If she had a disciplinary record or lacked qualifications at her former positions, it suggests she may have been a poor employee at Concentrix.

As the subpoenas seek relevant information about Sullivan's qualification for the Chief Human Resources Officer position, the subpoenas are not quashed on this ground.

### 3. Privacy

Next, Sullivan argues the subpoenas violate her right to privacy because they seek detailed identifying records (Dkt. #24 at pp. 5-7). Cunningham argues the requested information is already shielded by a protective order (Dkt. #26 at pp. 5-6).

The Court finds the subpoenas should not be quashed entirely, but should be redacted to avoid discovery of personal identifying information. Rule 26 provides the scope of discovery only includes information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Sullivan's employment records fall within this scope, but her Social Security number, financial account details, familial matters, credit history, and medical information are unhelpful to proving Cunningham's employment discrimination claim. Cunningham requested Sullivan's employment records to prove she was not the most qualified candidate. Her banking information and Social Security number do not add anything to his case.

Sullivan seeks to quash the subpoenas entirely because her employment records are of "absolutely zero benefit," but her privacy concerns are mitigated by the protective order. In Cunningham's response, he notes: "Plaintiff recognizes that this information would be Protected Information and would agree to designate it as such pursuant to the Parties' mutually agreed upon Protective Order approved by this Court" (Dkt. #26 at p. 6). The parties need not submit another protective order because the current Order covers Sullivan's information and creates a procedure to follow for designating Protected Documents as Confidential Information (Dkt. #12 at p. 3). Under the Order, "Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below" (Dkt. #13 at p. 3).

As only part of the information is protected under personal privacy concerns, the parties are ordered to redact Sullivan's personal identifying information before releasing the employment records to Cunningham.

### 4. Procedural Defects

Lastly, Sullivan argues the subpoenas should be quashed because they are procedurally flawed because they do not provide a specific date to respond and identify inconsistent "relevant" time periods (Dkt. #24 at p. 11). Cunningham does not respond to this argument in his response.

As the subpoenas seek relevant information, Cunningham is ordered to reissue them to the third parties after rectifying any inconsistencies and identifying a date to respond.

### CONCLUSION

It is therefore **ORDERED** that Kim Sullivan's Motion to Intervene (Dkt. #23) is **GRANTED**. It is also **ORDERED** that Kim Sullivan's Motion to Quash Subpoenas and Depositions on Written Questions (Dkt. #24) is **GRANTED in part** and **DENIED in part**.

**SIGNED this 15th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE