# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARK V. CUNNINGHAM, § | |
| § | |
| Plaintiff § | Civil Action No. 4:20-cv-661 |
| § | Judge Mazzant |
| v. § | |
| § | |
| CONCENTRIX SOLUTIONS § | |
| CORPORATION, formerly known as § | |
| CONCENTRIX CORPORATION, § | |
| § | |
| Defendant § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Encompass Health's Motion to Quash and Objections to Subpoena and Deposition (Dkt. #25). Having considered the Motion and briefing, the Court finds the Motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This is an employment discrimination case involving Plaintiff Mark V. Cunningham ("Cunningham") and Defendant Concentrix Solutions ("Concentrix"). On September 1, 2020, Cunningham filed this action alleging retaliation, race, sex, and age discrimination by Concentrix for not promoting him to Chief Human Resources Officer and terminating his employment (Dkt. #15). Cunningham claims Concentrix did not hire him for the position despite his superior experience and qualifications over the other candidate, Senior Vice President Kim Sullivan ("Sullivan") (Dkt. #15).

On January 8, 2021, Cunningham served a Notice of Deposition By Written Questions and Subpoena on Encompass Health ("Encompass"), Walgreens Company, University of Texas Health System, and Kaiser Permanente, Sullivan's former employers (Dkt. #15 at pp. 1-4). The subpoenas

sought the following from each company:

   A. The personnel file of Kim Sullivan.

   B. Any resume and/or application for employment submitted by, or about, Kim Sullivan to Encompass Health.

   C. Any job offers, letter, or communication that details the terms of Kim Sullivan's employment with Encompass Health.

   D. Any job description for the job(s) held by Kim Sullivan while employed by Encompass Health.

   E. A description of the job duties actually performed by Kim Sullivan while employed by Encompass Health.

   F. A description of any international job duties and/or responsibilities, if any, for which Kim Sullivan was directly responsible while employed by Encompass Health.

   G. Any claims of discrimination, harassment, retaliation asserted by Kim Sullivan against Encompass Health and the resolution of those complaints.

   H. Any claims of discrimination, harassment, or retaliation, asserted against Kim Sullivan while employed at Encompass Health and the resolution of those complaints.

   I. Any complaints of any kind asserted against Kim Sullivan while employed at Encompass Health; and the resolution of those complaints.

   J. Any documentation or communication referring or relating to the circumstances around Kim Sullivan's departure from Encompass Health.

   K. Any job evaluations, reprimands, disciplinary, and/or termination documents or communications issued by Encompass Health to Kim Sullivan.

   L. The dates Kim Sullivan was employed at Encompass Health, from the inception of employment to her termination at Encompass Health.

   M. Whether Kim Sullivan voluntarily resigned from employment, was terminated or resigned in lieu of termination from employment at Encompass Health.

For purposes of this Order, the thirteen requests can be grouped together into four categories: (1) personnel and performance information (A, B, C, K, and L); (2) documents about

2

Sullivan's job duties (D, E, and F); (3) documents related to claims of discrimination, harassment, or retaliation (G, H, and I); and (4) documents regarding Sullivan's departure (J and M).

On January 20, 2021, Concentrix filed a Motion to Quash and Objections to Subpoenas and Depositions directed to Sullivan's former employers (Dkt. #15). On February 8, 2021, the Court dismissed Concentrix's Motion for lack of standing (Dkt. #20).

On February 18, 2021, Sullivan moved to intervene and to quash the subpoenas and depositions directed to her former employers (Dkt. #23, 24). On March 3, 2021, Cunningham responded (Dkt. #26). On March 5, Sullivan replied (Dkt. #29). On March 15, 2021, the Court granted Sullivan's motion to intervene, but denied her motion to quash the subpoenas (Dkt. #31).

On February 25, 2021, Encompass moved to quash the subpoena and depositions (Dkt. #25). On March 5, 2021, Cunningham responded (Dkt. #28).

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. Under Rule 45, a party may serve a subpoena commanding a nonparty "to . . . produce designated documents electronically stored information, or tangible things in that person's possession custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

When determining if a subpoena is relevant, courts apply the relevancy standard from Rule

26(b)(1). Under Rule 26(b)(1), parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). This broad construction permits discovery of all "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The bar for relevancy is low and includes any matter "that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[1] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). While discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition," parties must make a reasonable effort to comply. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

## ANALYSIS

Encompass moves to quash the subpoena because the requested information is: (1) irrelevant; (2) confidential; and (3) private (Dkt. #25). Cunningham disagrees, arguing the information is relevant and there is no privacy risk because of a protective order (Dkt. #28).

The Court denies the Motion because the requested information is relevant and the protective order shields any confidential information, but orders Encompass to redact Sullivan's private identifying information.

### 1. Relevance

First, Encompass argues the subpoena seeks irrelevant information because the case only concerns Cunningham's qualifications, not Sullivan's (Dkt. #24 at pp. 7-11). Cunningham argues the employment records are relevant because they may prove Sullivan was less qualified for the

---

[1] Local Rule CV-26(d) provides some considerations for whether a particular piece of information is relevant, including if the information: (1) would support the parties' contentions; (2) includes persons who might reasonably be expected to be deposed or called as a witness; (3) is likely to influence the outcome of a claim or defense; and (4) deserves to be considered in the preparation for trial.

4

position (Dkt. #26 at pp. 5-6).

The Court finds each category of the subpoena is relevant. To raise a prima facie case of employment discrimination, Cunningham must show he met all criteria for the promotion and Concentrix treated him differently from similarly situated employees. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). The similarly situated employee in this instance is Sullivan, who was the successful candidate for the promotion. Personnel and performance information, documents about Sullivan's job duties, documents related to claims of discrimination, harassment, or retaliation, and documents regarding Sullivan's departure all may evidence her qualification for the Chief Human Resources Officer position. Information in Sullivan's personnel and performance records, like job evaluations, reprimands, and disciplinary records, might demonstrate she lacked merit for the position. Documents about Sullivan's job duties might show that she lacked experience. And claims of harassment or a disgruntled departure from her previous employers might show she lacked integrity required for this position.

Encompass argues the information is irrelevant because neither Encompass nor Sullivan is a party to the lawsuit (Dkt. #25 at p. 8). But information may be relevant even if held by a nonparty. The subpoenaed information is particularly relevant because Concentrix promoted Sullivan from within the company. Sullivan's performance at prior employers may discredit claims by Concentrix about her excellent performance with the company. If she had a disciplinary record or lacked qualifications at her former positions, it may suggest she was a poor employee at Concentrix. Further, the Vacancy Announcement for the position stated: "The successful candidate is expected to bring a broad and effective Human Resources background from a sales and service environment into the leadership, creation and execution of all Human Resources strategic, operational and administrative activities." (Dkt. #28, Exhibit 1). This "broad and

5

effective Human Resources background" can be derived from Sullivan's experience and work history at Encompass.

As the subpoena seeks relevant information about Sullivan's qualification for the Chief Human Resources Officer position, the subpoena should not be quashed on this ground.

**2. Encompass's Confidentiality Concerns**

Second, Encompass argues the subpoena should be quashed because it seeks confidential, proprietary information about the company (Dkt. #25 at p. 6). Cunningham argues Encompass: (1) failed to state with particularity any documents that would be privileged; and (2) the requested information is already shielded by a protective order (Dkt. #28 at pp. 7).

The Court finds the protective order is sufficient to mitigate any confidentiality concerns raised by Encompass. Encompass argues none of its business information is relevant to this lawsuit. But though its business may not be at issue, Sullivan's time at the company is relevant. This is an employment discrimination case, in which Cunningham seeks to prove Sullivan was less qualified than him for the position at Concentrix. Encompass may not be a party to the lawsuit, but it does hold this relevant information.

Rule 45(d)(3)(B) protects businesses from a subpoena seeking "commercial information," but Encompass has not demonstrated how the requested information requires protection. Requests "A" through "E" only seek files and descriptions of Sullivan's record and job duties at Encompass. The requests do not seek information relating to other employees at the company, but rather records solely about Sullivan. Similarly, requests "G" through "I" only seek complaints against Sullivan during her time at Encompass. They do not seek information about Encompass's disciplinary process or complaints against other employees, but rather records solely about Sullivan. Further, requests "J" and "M" only seek information about Sullivan's departure from the company.

6

Encompass has not described how these documents require it to reveal its business structure or incentive programs. Much of the information about Sullivan's duties and compensation at the company were likely already public when Encompass hired for the position, as they would have advertised a job posting for the position.

Any risk to Encompass is also mitigated by the protective order. Encompass argues it seeks to keep information about the company confidential and protected from the public. But the protective order already accomplishes this by providing: "Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below" (Dkt. #12 at p. 4). The protective order also provides: "After termination of this litigation, the provisions of this Order will continue to be binding" (Dkt. #12 at p. 5).

As the subpoena does not seek confidential information from Encompass, and any confidential information is shielded by a protective order, the subpoena should not be quashed on this ground.

### 3. Sullivan's Privacy Concerns

Third, Encompass argues the subpoena violates Sullivan's right to privacy because it seeks detailed identifying records (Dkt. #25 at p. 7). Cunningham argues the requested information does not raise any privacy concerns because it is shielded by a protective order (Dkt. #28 at pp. 7).

The Court finds the subpoena should not be quashed on this ground, but in the interest of privacy, Encompass is required to redact Sullivan's personal identifying information from the responses. Rule 26 provides the scope of discovery only includes information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Sullivan's employment records fall within this scope, but

private identifying information like her Social Security number, financial account details, familial matters, credit history, and medical information are unhelpful to proving Cunningham's employment discrimination claim. Cunningham requested Sullivan's employment records to prove she was not the most qualified candidate; her banking information and Social Security number do not add to his case.

Encompass seeks to quash the subpoena entirely because "Sullivan's right to privacy would be violated if these documents were produced," but the protective order mitigates the degree of these privacy concerns. In Cunningham's response, he notes: "Plaintiff certainly, understands that and will abide by that agreement that any information obtained through these subpoenas will be, if appropriate, protected under the mutually agreed upon Protective Order" (Dkt. #26 at p. 7). Under the protective order, "Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below" (Dkt. #13 at p. 3). The parties need not submit another protective order because the current order covers Sullivan's information and creates a procedure to follow for designating Protected Documents as Confidential Information (Dkt. #12 at p. 3).

As only part of the information is protected under personal privacy concerns, Encompass is ordered to redact Sullivan's personal identifying information before releasing the employment records to Cunningham.

### 4. General Objections

Lastly, Encompass objects to the subpoena because: (1) it requires Encompass to create a document which does not exist; (2) it is vague and unduly burdensome; and (3) the subpoena is procedurally insufficient (Dkt. #25 at p. 5). Cunningham moves to compel, but does not provide argument on the objections (Dkt. #28 at pp. 7-8).

The Court finds Encompass's objections should be denied as boilerplate. In responding to discovery, the resisting party must always show specifically how each request is objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). For this reason, general or boilerplate objections are invalid. *See id.* at 1484–86 (holding objecting as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate).

Encompass can comply with the subpoena without creating any new documents. Generally, a party is not required to create or prepare a new or previously non-existent document solely for its production. *See Mir v. L-3 Communications Integrated Systems, L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016). But here, Cunningham merely requests a description of Sullivan's job duties, the dates of her employment, and whether Sullivan voluntarily resigned from the company. Encompass has not stated how it does not have basic information about a former employee, like her role at the company and dates of employment. Here, the job posting Sullivan accepted or her general personnel file likely contain the information about her duties. And in all of Encompass's records, at least one file likely contains the dates of her employment and notes the posture of her termination from the company. As Encompass does not explain how it lacks any of this information, this objection is denied.

Cunningham's requests are not vague, ambiguous, or unduly burdensome because he narrowly requests information about Sullivan's departure from the company. Encompass argues the request is vague and burdensome because it "would likely include hundreds of documents and emails that are not relevant to her departure" (Dkt. #25 at p. 4). But if the documents and emails are unrelated to the reason Sullivan left the company, they need not be produced in the first place.

9

It is unclear how a request for details about her termination at the company would include hundreds of other documents unrelated to her termination at the company. Cunningham solely seeks information regarding Sullivan's departure. As the request is not vague, ambiguous, or unduly burdensome, these objections are denied.

Encompass does not provide any context or argument about how the subpoena is procedurally deficient. As there is no argument or explanation, there is nothing for the Court to rule on. Despite this lack of argument, the Court reiterates its prior Order (Dkt. #31) and orders Cunningham to reissue the subpoenas in the interest of correcting any inconsistencies or missed dates.

## CONCLUSION

It is therefore **ORDERED** that Encompass Health's Motion to Quash and Objections to Subpoena and Deposition (Dkt. #25) is **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Cunningham will reissue the subpoenas to correct any procedural deficiencies.

**SIGNED this 16th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE