# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARK B. CUNNINGHAM, | § | |
| | § | |
| Plaintiff | § | Civil Action No. 4:20-cv-00661 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| CONCENTRIX SOLUTIONS | § | |
| CORPORATION, formerly known as | § | |
| CONCENTRIX CORPORATION, | § | |
| | § | |
| Defendant | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motions to Quash or Alternatively to Modify Subpoena and Objections to Subpoena (Dkt. #45; Dkt. #46). The motions raise similar objections to virtually identical subpoenas sent to Xerox Corporation and Conduent Inc. Having considered the Motions, the Court finds they should be **DENIED**.

### BACKGROUND

This is an employment discrimination case involving Plaintiff Mark B. Cunningham ("Cunningham") and Defendant Concentrix Solutions ("Concentrix"). On September 1, 2020, Cunningham filed this action alleging retaliation, race, sex, and age discrimination by Concentrix for not promoting him to Chief Human Resources Officer and terminating his employment (Dkt. #11). Cunningham claims Concentrix did not hire him for the position despite his superior experience and qualifications over the other candidate (Dkt. #11).

This is not the first dispute over subpoenas. Plaintiff previously moved to quash a subpoena sent to Cunningham's former employer, Alorica (Dkt. #11). On February 8, 2021, the Court denied that motion to quash (Dkt. #21). The Court determined the requested documents are

not privileged, contain relevant information, and are not overly broad or unduly burdensome (Dkt. #21).

On April 23, 2021, Concentrix served Notices of Deposition By Written Questions on Xerox Corporation and Conduent Inc (Dkt. #48; Dkt. #49). Cunningham identified both companies as former employers (Dkt. #48, Exhibit 1; Dkt. #49, Exhibit 1). Conduent Inc. is the current name for one of these employers (Dkt. #49, Exhibit 1).

On May 10, 2021, Cunningham moved to quash subpoenas sent to Xerox Corporation, his former employer, and Conduent Inc., the current name of Cunningham's former employer (Dkt. #45; Dkt. #46). These subpoenas are virtually identical to the Alorica subpoena (*Compare* Dkt. 48, Exhibit 2 *and* Dkt. #49, Exhibit 2 *with* Dkt. #11, Exhibit 1). On May 20, 2021, Concentrix responded (Dkt. #48; Dkt. #49).

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. Under Rule 45, a party may serve a subpoena commanding a nonparty "to . . . produce designated documents electronically stored information, or tangible things in that person's possession custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

When determining if a subpoena is relevant, courts apply the relevancy standard from Rule

26(b)(1). Under Rule 26(b)(1), parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). This broad construction permits discovery of all "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The bar for relevancy is low and includes any matter "that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[1] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). While discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition," parties must make a reasonable effort to comply. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

When determining if a subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Subpoenas pose an undue burden when the subpoena is facially overbroad. *Id.* Facially overbroad subpoenas include those that "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (internal citations omitted).

---

[1] Local Rule CV-26(d) provides some considerations for whether a particular piece of information is relevant, including if the information: (1) would support the parties' contentions; (2) includes persons who might reasonably be expected to be deposed or called as a witness; (3) is likely to influence the outcome of a claim or defense; and (4) deserves to be considered in the preparation for trial.

## ANALYSIS

Cunningham asks the Court to quash subpoenas to Xerox Corporation and Conduent, Inc because they are irrelevant, overly broad, and unduly burdensome. The Court already overruled objections to a virtually identical subpoena (*See* Dkt. #21). Because the Court's prior ruling entirely addresses Cunningham's current objections, the Court denies the motions.

**I.     The Subpoena**

Cunningham moves to quash subpoenas that are substantively identical to a prior subpoena the Court upheld. The only difference is the subpoenaed's name:

A. The personnel file of Mark B. Cunningham.

B. Any resume and/or application for employment submitted by Mark B. Cunningham to [Former Employer].

C. Any job offer, letter, or communication that details the terms of Mark B. Cunningham's employment with [Former Employer].

D. Any pay records maintained by [Former Employer] for Mark B. Cunningham from January 1, 2015 to the present, including but not limited to, any paychecks, pay stubs, payroll registries, W-2s and 1099s.

E. Any job description for the job(s) held by Mark B. Cunningham.

F. A description of any benefits received by Mark B. Cunningham.

G. Any claim of discrimination, harassment, or retaliation asserted by Mark B. Cunningham against [Former Employer].

H. Any documentation referring or relating to the circumstances around Mark B. Cunningham's departure from [Former Employer].

I. Any job evaluations, reprimands, disciplinary, and/or termination documents issued by [Former Employer] to Mark B. Cunningham.

(*See* Dkt. #11, Exhibit 1 (Alorica); Dkt. #48, Exhibit 2 (Xerox Corporation); Dkt. #49, Exhibit 2 (Conduent, Inc.)). Cunningham does not object to categories B and E, but objects to all other categories. (Dkt. #45; Dkt. #46). Cunningham's briefing is almost a carbon copy to his earlier

briefing (*Compare* Dkt. #11 (Alorica) *with* Dkt. #45 (Xerox Corporation) *and* Dkt. #46 (Conduent, Inc.)).

The Court already considered this subpoena and found it relevant, not overly broad, and not unduly burdensome (*See* Dkt. #21). Like the subpoena the Court upheld, here the two subpoenas are also directed at Cunningham's former employers. This information is relevant because it goes to whether Cunningham was qualified for the promotion that he was allegedly wrongly denied (*See* Dkt. #21 at pp. 5-6). Similarly, these two subpoenas are not overly broad because Xerox and Conduent likely have easy access to their employee records (*See* Dkt. #21 at pp. 6-7). And finally, these subpoenas are also not unduly burdensome because they seek limited information about employee records (*See* Dkt. #21 at p. 7). Although Cunningham ignores the Court's prior Order in his current motions, the Court does not. The Court need not repeat its thorough analysis here and simply adopts its prior reasoning (*See* Dkt. #21).

Cunningham's only new argument is equally unpersuasive. He argues that Conduent, Inc.'s subpoena should be quashed because Cunningham was never employed by Conduent, Inc. (*See* Dkt. #49 at p. 2). But this argument is belied by Cunningham's own resume, which identifies his former employer as "Xerox Business Services (Now Conduent)" (Dkt. #49, Exhibit 1). As Cunningham worked for Xerox Business Services, which has since become Conduent, Inc., it is reasonable that Conduent, Inc. may still possess relevant documents.

## CONCLUSION

As the subpoenas are relevant, not overly broad, and not unduly burdensome, Xerox Corporation and Conduent, Inc. are ordered to respond.[2]

It is therefore **ORDERED** that Plaintiff's Motions to Quash or Alternatively to Modify

---

[2] Although the information is relevant, the Court is not yet determining whether the information is admissible.

5

Subpoena and Objections to Subpoena (Dkt. #45; Dkt. #46) are **DENIED**.

**SIGNED this 3rd day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE