# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MARK B. CUNNINGHAM § | |
| § | Civil Action No. 4:20-cv-661 |
| v. § | Judge Mazzant |
| § | |
| CONCENTRIX SOLUTIONS § | |
| CORPORATION, formerly known as § | |
| CONCENTRIX CORPORATION § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Concentrix Solutions Corporation's Motion to Seal (Dkt. #50). Having reviewed the Motion, the Court finds the Motion should be **GRANTED in part**. Plaintiff shall file under seal Documents One[1] and Three[2], but may publicly file Document Two[3].

Also pending before the Court is Plaintiff's Motion to Seal Certain Documents in His First Amended Complaint (Dkt. #44). Because it concerns the same relief, the Court finds it should be **DENIED as moot**.

Also pending before the Court is Plaintiff's Unopposed Motion to Leave to Refile Amended Complaint (Dkt. #62). Having considered the Motion, the Court finds it should be **GRANTED**. Plaintiff's Second Amended Complaint (Dkt. #64) shall be deemed filed.

Lastly, pending before the Court is Plaintiff's Motion to File Certain Documents in his First Amended Complaint (Dkt. #65). This motion concerns the same documents addressed in Defendant's motion to seal (Dkt. #50). Accordingly, the Court finds Plaintiff's Motion to File

---

[1] Document One is JH 001923 (Dkt. #64, Exhibit 10).
[2] Document Three is CONCENTRIX 000388 (Dkt. #64, Exhibits 11-12).
[3] Document Two is JH 002150 (Dkt. #64, Exhibit 8).

Under Seal (Dkt. #65) is **GRANTED in part**. Plaintiff shall file under seal Documents One and Three, but may publicly file Document Two.

## BACKGROUND

This is an employment discrimination case involving Plaintiff Mark B. Cunningham ("Cunningham") and Defendant Concentrix Solutions ("Concentrix"). On September 1, 2020, Cunningham sued alleging retaliation, race, sex, and age discrimination by Concentrix for not promoting him to Chief Human Resources Officer and terminating his employment (Dkt. #15). Cunningham claims Concentrix did not hire him for the position despite his superior experience and qualifications over the other candidate, Senior Vice President Kim Sullivan ("Sullivan") (Dkt. #15).

On May 10, 2021, Cunningham filed his First Amended Complaint, which included several exhibits. As the parties could not agree on which exhibits should be sealed according to the Protective Order (Dkt. #9), Cunningham moved to seal those exhibits, "until the issue of disputed documents is resolved." (Dkt. #44 at p. 2).

On May 21, 2021, Concentrix moved to seal those same documents attached to Cunningham's First Amended Complaint (Dkt. #50). On June 9, 2021, Cunningham responded, arguing the documents should be public with minimal redactions (Dkt. #54). On June 16, 2021, Concentrix replied (Dkt. #57).

On July 1, 2021, Cunningham filed Plaintiff's Unopposed Motion to Leave to Refile Amended Complaint (Dkt. #62). Cunningham unintentionally omitted Exhibits 1-6 when filing his First Amended Complaint and seeks leave to refile his complaint with all exhibits properly attached (Dkt. #62).

On July 2, 2021, Cunningham filed Plaintiff's Motion to File Certain Documents in his First Amended Complaint (Dkt. #65). Because Cunningham seeks to refile his Amended Complaint to properly include all exhibits, Cunningham asks the Court to seal the same contested exhibits "until the issue of disputed documents is resolved." (Dkt. #65 at p. 2).

## LEGAL STANDARD

The public has a common law right to view judicial records and judicial proceedings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 538, 598 (1978); *United States Holy Land Found. for Relief 7 Dev.*, 624 F.3d 685, 690 (5th Cir. 2010); *Data Engine Techs. LLC v. IBM Corp.*, Nos. 6:13-CV-858-RWS-JDL, 6:13-CV-859-RWS-JDL, 6:13-CV-860, 2016 WL 9281313, at *1 (E.D. Tex. Apr. 27, 2016). However, such right is not absolute. *Sec. Exch. Comm'n v. Van Wayenberghe*, 990 F.2d 845, 858 (5th Cir. 1993). In deciding whether to seal a transcript, the Court must balance the common law right of access to judicial records with the purported interest in sealing the record. *Data Engine Techs.*, 2016 WL 9281313, at *1 (citations omitted). "The Court considers 'the relevant facts and circumstances of the particular case,' and weighs 'the interests advanced by the parties in light of the public interest and the duty of the courts.'" *Id.* (citations omitted).

## ANALYSIS

Although the cross-motions are confusing, the dispute is simple: Cunningham wishes to disclose exhibits that Concentrix wishes to seal. The Court addresses each Motion in turn.

### I. Defendant Concentrix Solutions Corporation's Motion to Seal (Dkt. #50)

Concentrix asks the Court to seal three documents that Cunningham attaches as exhibits to his First Amended Complaint (Dkt. #44). Concentrix argues the documents contain confidential information about candidates Concentrix considered for the Chief Human Resources Officer

position (Dkt. #50 at p. 2). Cunningham argues they should be made public with minimal redactions to remove third-party names. Upon review, the Court finds that Documents One and Three should be sealed, but that Document Two does not need to be sealed.

Document One is an email chain between Concentrix's hiring manager and the executive recruiter hired to field candidates (*See* Dkt. #64, Exhibit 10). The email chain describes a candidate's prior work history. Concentrix argues Document One should be sealed because these are identifiable details and contain confidential business information on the recruiting process (Dkt. #50 at p. 2). The Court agrees that the personal details in the email could identify the candidate and potentially adversely affect her current employment. The Court therefore finds that private interests prevail over the public interest and that Document One should be sealed.

Document Two is an email from the hiring manager to the recruiter detailing logistics of the search, including that it will be "non-confidential" (Dkt. #64, Exhibit 8 at p. 2). Concentrix argues Document Two should be sealed because it contains "company confidential information." (Dkt. #50 at p. 2). But Document Two only references a "confidential" attachment; it does not actually contain any of that confidential information in the body of the email (Dkt. #64, Exhibit 8 at p. 2). Document Two merely includes general information regarding the recruitment search, such as needing the position "filled ASAP" after "a non-confidential search." (Dkt. #64, Exhibit 8 at p. 2). There is no identifying personal information in the email or otherwise confidential business information. Thus, the Court finds that Concentrix failed to establish the confidential nature required to seal Document Two.

Finally, Document Three is a summary of four candidates and contains the candidates' names, prior employers, and perceived strengths and weaknesses (Dkt. #64, Exhibit 11). This is sensitive, identifying information. Candidates confidentially applied for the Concentrix position

because they did not want their current employer to know they were searching for other employment. Even if names were redacted, candidates may still be identified based on their prior employers. And even if all identifying information were redacted, the document would still publicize confidential information about Concentrix's recruiting process. The confidential nature of Document Three outweighs any public interest in this case.

Cunningham's counterarguments are unpersuasive. Cunningham argues the documents should not be sealed because (1) there is no attorney/client privilege and (2) Concentrix should have moved for another protective order, rather than a motion to seal (Dkt. #54 at pp. 4-6). But documents can be sealed for many reasons besides privilege. *See Conn Credit I, LP v. TF LoanCo III, LLC*, 1:14-CV-429, 2016 WL 8231153, at *1 (E.D. Tex. May 9, 2016) (sealing documents containing "confidential business information and some personal information"). And the Court previously stated that "Concentrix should request this [type of] relief in a Motion to Seal." (Dkt. #56 at p. 5 n. 1). Concentrix's motion was therefore proper and Cunningham does not explain why the confidential documents should be disclosed.

The Court thus finds that Defendant Concentrix Solutions Corporation's Motion to Seal (Dkt. #50) is granted in part, as to Documents One and Three.

## II. Plaintiff's Motion to Seal Certain Documents in His First Amended Complaint (Dkt. #44)

The Court turns to Cunningham's motion to seal exhibits attached to his First Amended Complaint, only "until the issue of disputed documents is resolved." (Dkt. #44 at p. 2). Cunningham asks for the exhibits to be sealed on a temporary basis until the Court rules on the underlying dispute. As addressed above, the Court finds that Documents One and Three shall be filed under seal. There is thus no need to temporarily seal the documents. As there is nothing for

the Court to resolve, Plaintiff's Motion to Seal Certain Documents in His First Amended Complaint (Dkt. #44) is denied as moot.

### III. Plaintiff's Unopposed Motion to Leave to Refile Amended Complaint (Dkt. #62)

Unrelated to the document dispute, Cunningham filed an unopposed motion to refile his Amended Complaint (Dkt. #62). When Cunningham filed his First Amended Complaint, he inadvertently failed to attached exhibits 1-6 (*See* Dkt. #43; Dkt. #62 at p. 1-2). Cunningham seeks leave to refile his Amended Complaint with all exhibits attached (Dkt. #62). Having considered the unopposed Motion, the Court finds it should be granted. Plaintiff's Second Amended Complaint (Dkt. #64) shall be deemed filed.

### IV. Plaintiff's Motion to File Certain Documents in his First Amended Complaint (Dkt. #65)

Finally, the Court considers Cunningham's motion to seal the same disputed documents in his refiled Amended Complaint (Dkt. #65). As addressed above, the Court resolves the issue of the disputed documents. Accordingly, the Court finds Plaintiff's Motion to File Under Seal (Dkt. #65) is granted in part. Plaintiff shall file under seal Documents One and Three, but may publicly file Document Two.

## CONCLUSION

It is therefore **ORDERED** that Defendant Concentrix Solutions Corporation's Motion to Seal (Dkt. #50) is hereby **GRANTED in part.** Plaintiff shall file under seal Documents One and Three, but may publicly file Document Two.[4]

It is further **ORDERED** that Plaintiff's Motion to Seal Certain Documents in His First Amended Complaint (Dkt. #44) is **DENIED as moot**.

---

[4] The parties did not identify the Exhibit numbers for these documents for Dkt. #50.

It is further **ORDERED** that Plaintiff's Unopposed Motion to File a Second Amended Complaint (Dkt. #62) is **GRANTED**. Plaintiff's Second Amended Complaint (Dkt. #64) shall be deemed filed.

It is further **ORDERED** that Plaintiff's Motion to File Certain Documents in his First Amended Complaint (Dkt. #65) is **GRANTED in part**. The Clerk is directed to seal Document One (Dkt. #64, Exhibit 10) and Document Three (Dkt. #64, Exhibits 11-12). Document Two (Dkt. #64, Exhibit 8) shall remain unsealed.

**SIGNED this 28th day of July, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE