# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MARK B. CUNNINGHAM, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00661 |
| § | Judge Mazzant |
| CONCENTRIX SOLUTIONS § | |
| CORPORATION, formerly known as § | |
| CONCENTRIX CORPORATION. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Concentrix Solutions Corporation's and Intervenor Kim Sullivan's Motion to Quash Deposition on Written Questions or alternatively, Motion for Protective Order (Dkt. # 70). Having considered the Motions and the relevant pleadings, the Court finds that the Motion to Quash should be **GRANTED**.

### BACKGROUND

This is an employment discrimination case involving Plaintiff Mark B. Cunningham ("Cunningham") and Defendant Concentrix Solutions ("Concentrix"). On September 1, 2020, Cunningham filed this action alleging retaliation, race, sex, and age discrimination by Concentrix for not promoting him to Chief Human Resources Officer and terminating his employment (Dkt. #15). Cunningham claims Concentrix did not hire him for the position despite his superior experience and qualifications over the other candidate, Senior Vice President Kim Sullivan ("Sullivan") (Dkt. #15).

On April 21, 2021, the Court granted Cunningham's Motion for Leave to Amend the Scheduling Order, which set the parties' discovery deadline for May 7, 2021 (Dkt. #37). On May 14, 2021, Cunningham again moved for leave to amend the scheduling order to extend the parties' discovery deadline to July 1, 2021 (Dkt. #47). On June 10, 2021, the Court granted Cunningham's

request and ordered that "[a]ll discovery shall be commenced in time to be completed by [July 1, 2021]" (Dkt. #55).

On July 13, 2021, Concentrix received, via USPS mail, copies of two Notices of Deposition on Written Questions Issued to Kaiser and Walgreens (the "Notice") (Dkt. #70, Exhibit 1). The Notice to Kaiser was dated July 1, 2021 and set a deposition date of twenty (20) days from receipt (Dkt. #70, Exhibit 1). In the Notice, Plaintiff sought information from Kaiser, Sullivan's former employer, regarding Sakita Douglas's ("Douglas") employment information (Dkt. #70, Exhibit 1). Douglas is Sullivan's sister (Dkt. #70 at p. 3). Cunningham sought written responses to the following questions:

   1. Did you employ a person named Sakita Douglas?

   2. If responded [sic] yes to No. 1 above, were you aware that she was the sister to Kim Sullivan (aka Kim Hassan Sullivan), a former employee of your company?

   3. If you replied yes to No. 1 above, what capacity was Sakita Douglas employed by your company?
       a. If yes, job title?
       b. If yes, person she reported to?
       c. If yes, dates of employment?

   4. What is your company's policy regarding the employment of relatives?

   5. If your response to No. 1 above is yes, was the employment of Sakita Douglas in violation of the company's policy regarding employment of relatives?

   6. Did your company ever contract for services provided by a company named TMR Solutions, LLC?
       a. When?
       b. Amount of contract?

   7. Your answer to No. 6 above, was yes, were you aware that TMR Solutios Group, LLC, is a company owned by Sakita Douglas, sister of Kim Sullivan?

   8. What is your company's Conflict of Interest Policy?

>    9. If your company contracted for service provided by TMR Solutions Group, LLC, owned by Sakita Douglas, sister of Kim Sullivan, would this be a violation of your company's Conflict of Interest Policy?

(Dkt. #70, Exhibit 1). On July 24, 2021, Concentrix and Sullivan filed Motion to Quash Deposition on Written Questions or Alternatively, Motion for Protective Order (Dkt. # 70). On August 9, 2021, Cunningham responded (Dkt. #74). On August 16, 2021, Concentrix and Sullivan replied (Dkt. #76).

## LEGAL STANDARD

Under Rule 26(b)(1), parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). This broad construction permits discovery of all "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Seattle Times Co. v. Rhinehart*, 467 U.S.20, 34 (1984). The bar for relevancy is low and includes any matter "that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However. discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619F.3d 1151, 1163 (5th Cir. 2010). Local Rule CV-26(d) provides some considerations for whether a particular piece of information is relevant, including if the information: (1) would support the parties' contentions; (2) includes persons who might reasonably be expected to be deposed or called as a witness; (3) is likely to influence the outcome of a claim or defense; and (4) deserves to be considered in the preparation for trial. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Federal Rule of Civil Procedure 31 governs depositions on written questions. *See generally* FED. R. CIV. P. 31. Rule 31 states "[a] public or private corporation, a partnership, an association,

or a governmental agency may be deposed by written questions in accordance with Rule 30(b)(6)." FED. R. CIV. P. 31(a)(4). A deposition on written questions generally must be conducted before the discovery cut-off date. *See, e.g.*, *Bird v. Zuniga*, 2016 U.S. Dist. LEXIS 165446, at *3 (E.D. Cal. 2016) (Plaintiff "is reminded to begin this process well in advance of the discovery cut-off to allow sufficient time to notice the deposition, exchange questions with the Defendant, and subpoena the deponents"). Courts may properly quash a discovery request where the request leaves insufficient time to respond within the discovery period. *See Livecchi v. City of Grand Prairie*, No. 3:07-CV-1305DBF, 2008 WL 5638131, at *1 (N.D. Tex. Oct. 16, 2008), *aff'd*, No. 3:07-CV-1305-D, 2008 WL 5638132 (N.D. Tex. Nov. 13, 2008) (granting motion to quash interrogatories that could not be completed within the discovery period); *see also In re Skyport Glob. Commc'ns, Inc.*, 408 B.R. 687 (Bankr. S.D. Tex. 2009) (holding discovery request served so close to discovery deadline that opposing party lacked reasonable opportunity to respond without running afoul of scheduling order was a failure to comply with court's scheduling order).

A party or any person from whom discovery is sought may move for a protective order. FED. R. CIV. P. 26(c)(1). Under Rule 26, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is on the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because

it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

Concentrix and Sullivan request the Court quash the deposition on written questions because: (1) the Notice is untimely; and (2) the information sought is irrelevant and disproportional to the issues in the case. In the alternative, Concentrix requests the Court limit discovery by granting a protective order. Cunningham disagrees. The Court grants Concentrix and Sullivan's Motion to Quash because the Notice was untimely and sought irrelevant information.

Concentrix argues the deposition on written questions is not relevant and represents "a fishing expedition wholly disproportionate to the needs of this case" (Dkt. #70 at p. 7). Cunningham counters that the information Kaiser would provide on Douglas's employment history would go to Sullivan's credibility (Dkt. #74 at p. 6).

The Court finds the information sought is not relevant. To raise a prima facie case of employment discrimination, Cunningham must show he met all criteria for the promotion and Concentrix treated him differently from similarly situated employees. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). Demonstrating Concentrix treated him differently from similarly situated employees requires proving the successful candidate for the promotion, Sullivan, was less qualified for the position. Information on whether, and to what extent, Sullivan's *sister* was employed by Sullivan's *former* employer has nothing to do with Concentrix, Concentrix's employment of Sullivan, or Cunningham's qualifications and employment with Concentrix.

Additionally, the Court finds the Notice was untimely because it left Defendant with insufficient time to respond within the discovery period. *Livecchi* 2008 WL 5638131, at *1. The scheduling order requires that "[a]ll discovery shall be commenced in time to be completed by [July 1, 2021]" (Dkt. #55). Plaintiff's Notice is dated July 1, 2021 and Concentrix received the Notice on July 13, 2021 (Dkt. #70, Exhibit 1). The Notice set the deposition date for twenty (20) days from receipt (*Id.*). Thus, the deadline to respond would be August 2, 2021, a month after the close of discovery. The Court finds such notice untimely.

## CONCLUSION

It is therefore **ORDERED** that Concentrix and Sullivan's Motion to Quash Deposition on Written Questions (Dkt. # 70) is **GRANTED**. It is **ORDERED** that the alternative relief requested is **DENIED as moot**.

**IT IS SO ORDERED.**
**SIGNED this 1st day of October, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE