UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARK B. CUNNINGHAM,<br>        Plaintiff, | |
| vs. | CIVIL ACTION NO. 4:20cv661 |
| CONCENTRIX SOLUTIONS<br>CORPORATION, formerly known as<br>CONCENTRIX CORPORATION,<br>        Defendant. | Judge Amos L. Mazzant, III |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT, APPLICATION REQUESTING ALLOWANCE OF ATTORNEYS' FEES AND COSTS AND IN THE ALTERNATIVE, <u>MOTION FOR RECONSIDERATION OF FINAL JUDGMENT</u>

Comes Now Plaintiff, by and through his attorneys of record, and requests that the Court , reopen this matter so that Plaintiff submit for this Court's consideration, in its discretion, pursuant to Local Rule 54(a), to   Plaintiff's  attorneys' fees and related costs in the prosecution of his claims against Defendant, Concentrix Solutions Corporation.

## PROCEDURAL HISTORY

Plaintiff filed this case in September 2020.  In his complaint, Plaintiff alleged that he was not promoted to the Chief Human Resource Officer (CHRO, the position  in question) because of his gender, race and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C 2000e et. seq., and the Age Discrimination in  Employment Act (ADEA), 29 U.S.C. 621 et. seq.  Plaintiff further alleged that he was retaliated against when he complained that he was not selected for the CHRO, in violation of the anti-retaliation provisions of both Title VII and the ADEA.

**PLAINTIFF'S APPLICATION FOR FEES AND EXPENSES**
 - Page **1**

The matter was tried before a jury from August 29-September 2, 2022.  The jury found that gender was a motivating factor in the Defendant's employment decision for the position in question.   The jury also found the Defendant would have made the same decision regardless of the Plaintiff's gender.   The jury found that there was insufficient evidence of race, age or retaliation.  This Court issued a Final Judgment on The Verdict on September 13, 2022, stating that, among other things, that the jury found that gender was a motivating a factor in the Defendant's employment decision; but that the Defendant would have made the same decision regardless of Plaintiff's gender (See Dkt. #163).       Plaintiff now petitions this Court for recovery of his attorneys' fees and related costs in the prosecution of his claims, as permitted under Title VII, as amended, and in the alternative, a reconsideration of the Court's Final Judgment (Dkt. #163), as set forth below.      Plaintiff's attorneys' fees amounted to $667,620.00 and related costs in the amount of $17,772.50,  for a total of $685,92.50 (See attached affidavit of Attorney Jaime Ramon, Exhibit 1).   (See also Exhibit 2, Factors to consider in the award of attorneys' fees; and Exhibit 3, Total fees for years 2020, 2021, and 2022).  Plaintiff seeks this Court's allowance, in its discretion,  of Plaintiff's  proportional fees and costs in this matter.

Plaintiff recognizes that the fees allowed by this Court, in the exercise of its discretion, can be proportional to the success of Plaintiff's claims in this matter.   In so doing, Plaintiff submits that the vast majority of the time spent in prosecuting his claim centered on the gender and race claims, which were inextricably intertwined  in that the same evidence presented  for the gender basis was substantially the same evidence on the race claim.   To wit, Plaintiff presented irrefutable evidence that proved  that Defendant was  not going to hire a male for the position  in question. Plaintiff's evidence on the race claim  centered  on allegations that the CEO stated that he was not going to hire a white male for the next vacancy on the Senior Executive Team (SET),  of which

**PLAINTIFF'S APPLICATION FOR FEES AND EXPENSES**
 - Page **2**

the CHRO was one, and which simultaneously provided evidence as to both the gender and race claims.  Plaintiff presented testimony by both current and former employees that the CEO had, in fact, made the statement set forth in the immediately preceding sentence. Defendant, on the other hand, presented only current employees that denied that the CEO had made this statement.  In addition, both the gender and race claims centered on the qualifications of the Plaintiff as opposed to the person ultimately selected, Kim Sullivan, a younger Black female.     Plaintiff presented evidence that Defendant was concerned about the selectee's lack of knowledge of Defendant's business and lack  of international experience.   Both these factors were important and intertwined with the gender and race factors.

The ADEA claim was  premised on the allegations that although Defendant claimed that it had  no knowledge of Ms. Sullivan's (the selectee) age, the evidence presented, to wit, the Behavioral Assessment tests administered to the final four female candidates which Defendant admitted that it reviewed,  showed Ms. Sullivan's and another candidate's age, which were 45 and 49, respectively, as opposed to Plaintiff's age (60) at the time of the selection.

The retaliation claim was premised on the fact that Defendant told Plaintiff that it wanted Plaintiff to stay after the selection of Ms. Sullivan was made,  in February 2020; that Plaintiff complained to his supervisor after about Ms. Sullivan's qualifications; and that his position was eliminated shortly after  he complained.   Plaintiff presented evidence to show a causal  connection between the time he was told Defendant wanted him stay (February 2020); his complaint to Mr. Richie, his supervisor (March 2020); and the elimination of his job on June 5, 2020.

In sum, Plaintiff submits that the vast majority of his case was premised on his allegations of gender and race discrimination, both of which were inextricably intertwined and based on his qualifications;  his tenure with the Defendant and the excellent reviews he received from his

**PLAINTIFF'S APPLICATION FOR FEES AND EXPENSES**
- Page **3**

supervisor; Defendant's evidence that they were concerned about Ms. Sullivan's knowledge  of

the business and her lack of international experience; and statements from current and former

employees that Defendant's CEO had publicly stated that he was not going to select a white male

for the position  in question.  All these facts go both to the gender and race  issue in Plaintiff's

complaint.    Plaintiff therefore requests that the Court, in the exercise of its discretion, grant

Plaintiff  at least two thirds of his fees and all costs in this matter.[1]

## AUTHORITY FOR MOTION

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a

judgment must be filed no later than 28 days after the entry of judgment. FRCivP 59(e).   The

Court entered its Final Verdict on this matter on September 13, 2020.   Plaintiff thus timely files

this motion so that the Court consider Plaintiff's request for attorney's fees and costs, as

permitted by Title VII.

The 1991 Title VII amendments, codified at 42 U.S.C. 2000e5(g)(2)(B)(I), provides that

a prevailing party may be awarded fees in a mixed motive case but it does not have a statutory

time frame.   However, Local Rule CV54(a) provides that  "Unless otherwise provided by statute

or by an order of the presiding judge, the bill of costs must be filed with the clerk and served on

any party entitled to such service no later than fourteen days after the clerk enters the judgment

on the docket. ." Local Rule CV54(a).  Plaintiff submits this Application withing the fourteen

days permitted by Local Rule CV54(a).

## STANDARD FOR AWARDING ATTORNEYS' FEES IN MIXED MOTIVE CASES

---

[1] Plaintiff's costs are generally all  related to deposition costs and costs of the hotel and related costs during the trial.

Title VII provides that in a case in which the plaintiff proves that a prohibited factor was a motivating factor in the employer's decision, but the employer successfully demonstrates that it would have taken the same action in the absence of the impermissible factor, the court "may grant declaratory judgment, injunctive relief...and attorney's fees and costs." 42 U.S.C. 2000e5(g)(2)(B)(I). Therefore, the employer's success in its mixed-motive defense does not in itself bar an award of attorneys' fees. *Garcia v. City of Houston, 201 F.3d 672 (5th Cir. 2000).*

Among the circuits that have decided this issue, all agree that in mixed-motive cases the award of attorneys' fees is a matter left to the discretion of the district court. The most influential case on this question is the Fourth Circuit's decision in *Sheppard v. Riverview Nursing Center,* 88 F.3d 1332 (4th Cir. 1996). In *Sheppard*, the Fourth Circuit considered whether an employee should be awarded attorneys' fees in her pregnancy discrimination claim after the jury found mixed-motive and the court denied the employee injunctive relief. The district court granted the employee $40,000 in fees which the Fourth Circuit reversed. *Sheppard*, 88 F.3d at 1335.

The Fourth Circuit found that based on the Supreme Court's decision in *Farrar v. Hobby,* 506 U.S. 103, 113 S. Ct. 566, 121 L.Ed.2d 494 (1992), an award of attorneys' fees in Title VII cases should be proportional to the plaintiff's success. *Id.*  In *Farrar*, the Supreme Court discussed attorney fees awards in civil rights litigation under 42 U.S.C. 1988.  The Supreme Court concluded that attorneys' fees should be awarded to "prevailing parties" who have received some relief on the merits of their claim. See *Farrar,* 506 U.S. at 109- 11. The Supreme Court also found that the reasonableness of a fee award should be measured by the degree of success obtained by the party who is requesting the fee award. *Id.* at 114.

**PLAINTIFF'S APPLICATION FOR FEES AND EXPENSES**
- Page **5**

In *Sheppard*, the Fourth Circuit found that based on the Supreme Court's reasoning in *Farrar* there are several factors that should inform a district court's exercise of its statutory discretion in awarding attorneys' fees. *Id.* These factors are: 1) reasons why injunctive relief was or was not granted, 2) the public purposes served by resolving the dispute, and 3) whether the mixed motive case demonstrated a "widespread or intolerable" animus on the part of a defendant, or were the employer's actions justified by the plaintiff's behavior. *Id.* Several other circuits have applied the factors set forth by the Fourth Circuit and have agreed that the *Farrar* analysis is applicable in Title VII mixed-motive cases. See *Norris v. Sysco Corporation*, 191 F.3d 1043, 1905-52 (9th Cir. 1999) (affirming district court's award of fees to employee although employee received no injunctive or declaratory relief); *Akrabawai v. Carnes Company*, 152 F.3d 688, 695-96 (7th Cir. 1998) (affirming district court's denial of fees to employee and employer); *Canup v. Chipman-Union,* 123 F.3d 1440, 1442-43 (11th Cir. 1997) (affirming district court's denial of attorneys' fees to employee who jury found would have been fired for having an affair with a subordinate).

One circuit has disagreed with the Fourth Circuit's reasoning in *Sheppard*, **concluding that the application of the factors in *Sheppard* was unnecessary because the legislative history of the 1991 Title VII amendments specifically provided for attorneys fees when a plaintiff prevailed in a mixed motive case**.  The Tenth Circuit in *Gudenkauf v. Stauffer Communications*, 158 F.3d 1074 (10th Cir. 1998), found that it was inappropriate to apply *Farrar* to Title VII cases in a manner which denies all but nominal fee recoveries on the basis that a plaintiff fails to recover damages or injunctive relief. *Gudenkauf,* 158 F.3d at 1080. The Tenth Circuit reviewed the legislative history of the Civil Rights Act of 1991 **and concluded that Congress intended fee awards to be permitted in most Title VII cases where an impermissible factor was used in an employment decision because Title VII serves the interest of American society by ridding the**

**PLAINTIFF'S APPLICATION FOR FEES AND EXPENSES**
- Page **6**

**workplace of the pollutant of employment discrimination.** *Id.* **(citing H.R. Rep. No. 102-40).** (Emphasis added).   The court found that Congress felt that even the smallest victory can advance that interest, and therefore in mixed motive cases, a plaintiff should be awarded attorneys' fees in all but special circumstances. *Id.*

## ANALYSIS

In this case, the jury found that Defendant Concentrix Solutions Corporation  had discriminated against Plaintiff M. Cunningham on the basis of gender but also found that Defendant would have made the same decision absent the prohibited (gender) basis.

In applying the factors established in the *Sheppard* case, Plaintiff submits that the Court should exercise its discretion, apply the *Sheppard* factors, and grant him attorneys' fees [i]proportional to his success in proving that an impermissible factor (gender) tainted the selection process for the CHRO, consistent with the jury findings.   Plaintiff further submits that he be allowed his costs associated with prosecuting his claims.

Alternatively, as the 10th Circuit found by examining the legislative history of the 1991 Amendments to Title VII, this Court should exercise its discretion and grant Plaintiff his attorneys' fees **because Congress intended that prevailing Plaintiffs in Title VII matters be awarded attorney's fees if they prevailed in showing that a prohibited factor was used by an employer a mixed motive case, even if the employer then showed that it would have made the same decision absent the prohibited factor.**  (*See Gudenkauf v. Stauffer Communications, supra*).

First, in applying the *Sheppard* standards, although Plaintiff requested an injunction in his complaint, the Court did not issue one; nor was there a reason for the failure to issue one.  But this alone does not preclude Plaintiff from recovering his fees and costs.  Plaintiff meets the second

**PLAINTIFF'S APPLICATION FOR FEES AND EXPENSES**

*Sheppard* factor because his suit did serve the public purpose of proving that gender was a consideration in his not being selected for the position in question, and this included getting approval to sue Concentrix  from the EEOC. Finally,  Concentrix's successful mixed-motive defense was not based on any inappropriate or negative behavior by Plaintiff.

Second, and equally as important,  Plaintiff's case also satisfies the Tenth Circuit's requirements in *Gudenkauf,* that attorneys' fees be awarded in mixed-motive cases in all but special circumstances, and that the plaintiff's role in helping to end unlawful discrimination in the workplace be weighed heavily.

<u>**CONCLUSION**</u>

For these reasons, Plaintiff respectfully requests that the Court reconsider its Final Judgment and  exercise its discretion and award him two thirds of his attorneys' fees and his total costs in this matter, which amounts Plaintiff submits are proportional to his success in prosecuting his claims, as more fully described in the attached affidavit.

Date: September 21, 2022                     Respectfully submitted,

                                             ORENSTEIN LAW GROUP

                                             */s/ Jaime Ramon*
                                             Jaime Ramon, Of Counsel
                                             State Bar No. 01657800
                                             jaime@orenstein-lg.com
                                             Nathan M. Nichols
                                             State Bar No. 24060336
                                             nathan@orenstein-lg.com
                                             1201 Elms St, Suite 4020
                                             Dallas, Texas 75270
                                             (214) 757-9101
                                             (972) 764-8110

                                             ATTORNEYS FOR PLAINTIFF

**PLAINTIFF'S APPLICATION FOR FEES AND EXPENSES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was forwarded in a manner authorized by Federal Rule of Civil Procedure 5(b)(2)(E), to all counsel of record this September 21, 2022.


*/s/ Jaime Ramon*
Jaime Ramon

_____

**PLAINTIFF'S APPLICATION FOR FEES AND EXPENSES**
- Page **9**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **MARK B. CUNNINGHAM,**<br>**Plaintiff,**<br><br>vs.<br><br>**CONCENTRIX SOLUTIONS**<br>**CORPORATION, formerly known as**<br>**CONCENTRIX CORPORATION,**<br>**Defendant.** | **CIVIL ACTION NO. 4:20cv661**<br><br>**Judge Amos L. Mazzant, III** |

**DECLARATION OF JAIME RAMON**

1. "My name is JAIME RAMON.  I am lead counsel for Mark B. Cunningham, the Plaintiff, in the above entitled and numbered cause of action ("Cause").

2. "I am over the age of eighteen years. I am competent to make this affidavit, and I have personal knowledge of the facts stated herein, which are true and correct.

3. "I am an attorney licensed to practice law in the State of Texas since 1981.  I have been engaged in the active practice of law since that time.  I primarily have practiced in labor and employment litigation across Texas and other states in the Unites States.

4. "I was graduated from law school from  the University of the District of Columbia       David       A.       Clark       School       of       Law (previously Antioch School of Law) in 1979.  I was admitted to practice law in the State of Texas on October 30, 1981.  I am admitted to practice in the United States District Courts for the: 1) Northern District of Texas; 2) Eastern District of Texas; 3) Western District of Texas; and 4) Southern District of Texas. I also am

**AFFIDAVIT OF JAIME RAMON -- Page 1 of 5**

admitted to practice before the Fifth Circuit Court of Appeals and the Tenth Circuit Court of Appeals.   I am an active member of the Texas Bar Association and the Dallas Bar Association.

5.   "I have dedicated my practice since its inception to Labor and Employment law and have  labor and employment litigation and trial experience in the Eastern District of Texas, throughout the State of Texas, and in other states in the United States. My experience has been almost exclusively in labor and employment cases, including litigation, such as the Cause. I am aware of and familiar with each of the factors which should be taken into consideration for the award of fees in labor and employment litigation cases. I am familiar with the usual and customary hourly rates charged by attorneys in the Eastern District of Texas for representation of clients in matters similar to the issues presented in this Cause.  I have become familiar with those rates based upon my knowledge of rates charged by law firms which have represented parties in labor and employment cases and in labor and employment cases in which I also have been a counsel of record.  In addition, I have inquired of other law firms and attorneys in the Eastern District of Texas area regarding hourly rates for legal services for similar type litigation.

6.   "The time and expenses incurred by Mr. Cunningham  through September 2,2022, total $ 667,620.00 for professional fees and $17,772.50 for expenses,  for a total of $685,92.50.  Mr. Cunningham reserves the right to supplement these amounts and submit actual invoices, if the Court so directs.     It is my opinion that all of the services rendered and incurreed in this matter were  reasonable and necessary.

7.  The hourly rates for legal services provided to Cunningham in this Cause are: 1)

$450.00 for Rosa R. Orenstein; 2) $425.00 for Jaime Ramon; 3) $300.00 for Nathan M. Nichols; and 4) $100.00 for legal assistant.  Based on my knowledge, training, education, and experience, and as lead counsel in this Cause, it is my opinion that Orenstein Law Group, P.C.'s usual hourly rates over the course of this Cause are reasonable and necessary.  They are, in my opinion, lower than the hourly rate for similar experience by lawyers in most firms..

8. "The time and expenses incurred by Mr. Cunningham in this Cause are from and after June 16, 2020, through September 2, , 2022.  The services were rendered on behalf of Mr. Cunningham and were solely for the purpose of protecting his interests in the ensuing litigation.

9. "In the event of an appeal in this Cause, should the same be necessary, reasonable and necessary attorneys' fees for post-trial motions at the trial court level are in the amount of $15,000.00, appellate fees to the Fifth Circuit Court of Appeals in the amount of $10,000.00, appellate fees for an application for writ of certiorari to the United States Supreme Court in the amount of $25,000.00, and additional $15,000.00 if a writ is granted.

10. "I have reviewed the factors applicable in this Cause with respect to the reasonableness of attorney's fees through trial and the appellate process.  I am of the opinion that the services rendered and to be rendered in this matter were and are reasonable and necessary, considering: 1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; 2) the likelihood, if apparent to the client, that the

acceptance of the particular employment will preclude other employment by the lawyer; 3) the fee customarily charged in the locality for similar legal services; 4) the amount involved and the results obtained; 5) the time limitations imposed by the client or by the circumstances; 6) the nature and length of the professional relationship with the client; 7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

11. "Through my involvement in the Cause, I have personal knowledge of each attorney and legal assistant that has performed legal services in the Cause and that each attorney and legal assistant was qualified through education, training, and work experience to perform the legal services rendered to in this matter.  . I have personal knowledge that all the substantive legal services performed by legal assistants were performed under the supervision and direction of an attorney. The nature of the legal services performed by legal assistants, the hourly rate charged for the services by legal assistants, and the number of hours expended by legal assistants was reasonable and necessary, based upon, among other things, the factors, as applicable, set forth above.

12. "In addition, it is my opinion that the expenses incurred and anticipated to be incurred by Mr. Cunningham are reasonable and necessary."

My name is Jaime Ramon, my date of birth is Januray 10, 1953,  and my business address is 1201 Elm Street, Suite 4020, Dallas, Texas 75270.  I declare under penalty of perjury that the foregoing is true and correct.

**AFFIDAVIT OF JAIME RAMON -- Page 4 of 5**

Executed in Dallas County, State of Texas, September 21, 2022.

_____
JAIME RAMON

Jessica Denise Martinez
My Commission Expires
04/30/2025
ID No. 133074420

9/21/2022

<u>EXHIBIT 2</u>

<u>TO RAMON  DECLARATION</u>

Pursuant to each of the factors which should be taken into consideration for the award of fees in Title VII mixed motive cases,  and including the guidelines enumerated in the Texas State Bar Rules of Professional Conduct including ***Rule 1.04*** *Fees- Arthur Andersen & Co. v. Perry Equipment Corp.,* 945 S.W.2d 812, 40 Tex. Sup.Ct. J. 591(Tex. 1997), Orenstein Law Group, P.C. ("Counsel") requests that the Court consider the factors set forth below in determining the amount of compensation that is reasonable and necessary for recoverable attorneys' fees and expenses rendered in this Cause during the period January 18, 2019 through and including , 2022 (the "Period")(subject to further amendment for any necessary corrections and based on additional services rendered through trial in this Cause).

**A. Time and Labor Required**

During the Period, Counsel expended 1913.3 hours in representing Mr. Cunningham  in his litigation  matter. Exhibit 2 contains the total  time entries for Counsel's professional fees. Counsel has made a diligent effort to avoid any unnecessary duplication of work and time expended. Counsel requests that the Court, in its discretion, award at least two thirds of attorneys' fees in this matter and all costs associated with Cause.

**B. The Rates Charged for Such Services**

The average hourly rates charged for Counsel's attorneys in this Cause are generally within the range of those customarily charged by other comparable law firms with attorneys of requisite and comparable skill and experience in the Dallas County Texas area. The average hourly rate charged by the Counsel for the Period was $355.17 *See* Exhibit 2. Counsel believes it has identified all travel time and billed the same at half-time or half-rate.

**C. Necessity and Benefit of Services Rendered**

Counsel's primary objectives on matters where attorneys' fees are recoverable were to establish Mr. Cunninhams's  rights under the Title VII and the ADEA. . Counsel's services were necessary to establish Mr. Cunninham's right to be free from  discrimination.  Counsel, through trial  established, and the jury found , that Defendant was motivated by Mr. Cunningham's gender in the selection of the CHRO; but that Defendant would have made the same decision even absent the prohibited gender based factor.  . To achieve the foregoing results through trial, Counsel had to conduct extensive document discovery from defendants and third parties, review, organize and analyze thousands of pages of documents produced  as well as research, prepare and argue necessary motions.

**D. Whether the Services were Performed within a Reasonable Time in Light of the Nature, Complexity and Importance of the Issues Addressed**

Counsel did not undertake any unimportant tasks in this Cause. However, Cause has presented some novel and challenging legal and factual issues, such as the pursuit of critical witnesses, some of whom were uncooperative, and others who were located across the globe; and evidence obtained through third party subpoenas on which Counsel spent considerable time attending to such novel and challenging issues.

**E. Demonstrated Skill and Experience in Commercial Litigation**

The skills of Counsel in this Cause were important in order to avoid higher costs to Mr. Cunningham.  . Counsel Ramon has represented all types of employers in employment disputes throughout the country and the State of Texas and has rarely represented plaintiffs in such matters.  Counsel believed that the underlying facts warranted pursuing this matter  on behalf of Mr.  Cunningham.   Counsel believes and hopes that Counsel enjoys a good reputation as an efficient, experienced, and capable litigation counsel. Counsel submits that it, with the experience and seniority of its various attorneys and legal assistant, has effectively and efficiently met the requirements of the necessary legal services. Thus, Counsel believes it provided great assistance to Mr. Cunningham  due to the Counsel's skill and experience in the areas of law that this Cause has encompassed.

**F. Whether the Compensation Sought is Reasonable Based on the Customary Compensation Charged by Comparably Skilled Commercial Litigation Practitioners**

Counsel represents that the fees sought hereby are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained by other comparable law firms with attorneys of requisite and comparable skill and experience in the Dallas and Collin, County Texas area. Counsel respectfully requests that the Court take judicial notice of the awards which have been made in similar proceedings of this size and complexity.

**G. Preclusion from Other Employment**

Counsel's representation of Mr. Cunningham has consumed a considerable portion of Counsel's time; however, with a couple of minor exceptions shortly before and during the trial of this matter, it did not preclude Counsel from undertaking other employment in other matters due to time constraints.

**H. Fixed or Contingent Fees**

The fees for Counsel's services were premised on a contingency of success on the merits of the Cause.  The majority of the costs were incurred and paid  directly by Plaintiff.

**I. Time Limitations Imposed by Client and Other Circumstances**

Counsel did not encounter any significant time limitations in the Cause except to the extent that
it had to postpone or reschedule litigation related issues on other matters that were similar in the
Scheduling Order to this matter.  .  In addition, time limitations were imposed by illness of some
of the parties and other family emergencies experienced by one or more of Counsel's attorneys.

**J. Results Achieved**

As noted above, Counsel has been successful in establishing, and as the jury found, that
Defendant used a prohibited factor (gender)  in not selecting Mr.  Cunningham for  the CHRO,
the position in question; but that Defendant would have made the same decision absent the
prohibited gender factor.

**K. The Undesirability of the Cause**

This Cause has not been undesirable.

**L. The Nature and Length of the Professional Relationship with Mr. Shetty**

Counsel Ramon first met Mr. Cunningham in the mid-1990's during the time that he was
employed by ACS, Inc.  and subsequently by XEROX.  Plaintiff, in Mr. Ramon's opinion, was
the consummate Human Resource professional. Mr. Ramon and Plaintiff maintained a
professional relationship for several years.   Counsel decided to undertake Mr. Cunnigham's
representation in this matter when Plaintiff approached Mr. Ramon in the summer of 2020.

# M. CUNNINGHAM
## ALL YEARS

| | 2020 Hours | Fees | 2021 Hours | Fees | 2022 Hours | Fees | TOTALS Hours | Fees | |
|---|---|---|---|---|---|---|---|---|---|
| **Wrongful Termination** | | | | | | | | | |
| NMN | 17.6 | $ 5,280.00 | 2.9 | $ 870.00 | 97.1 | $ 29,130.00 | 117.6 | $ 35,280.00 | |
| L. Assistant | 18 | $ 1,800.00 | 114.3 | $ 11,430.00 | 227.4 | $ 22,740.00 | 359.7 | $ 35,970.00 | |
| RRO | 0 | $ - | 0 | $ - | 14.00 | $ 6,300.00 | 14 | $ 6,300.00 | |
| JR | 308.4 | $131,070.00 | 634 | $269,450.00 | 446 | $189,550.00 | 1388.4 | $590,070.00 | |
| **Total** | 344.00 | $138,150.00 | 751.20 | $281,750.00 | 784.50 | $247,720.00 | 1879.70 | $667,620.00 | **Average Hourly Rate** $ 355.17 |

## M. CUNNINGHAM

| 2020 | Jun-20 | | Jul-20 | | Aug-20 | | Sep-20 | | Oct-20 | | Nov-20 | | Dec-20 | | Totals | | Average Hourly Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Wrongful Termination** | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | |
| NMN | | $ - | | $ - | 5.0 | $ 1,500.00 | 2.5 | $ 750.00 | 9.0 | $ 2,700.00 | 1.1 | $ 330.00 | 0.0 | $ - | 17.6 | $ 5,280.00 | |
| L Assistant | | $ - | | $ - | 3.2 | $ 320.00 | 1.1 | $ 110.00 | 1.7 | $ 170.00 | 3.4 | $ 340.00 | 8.6 | $ 860.00 | 18 | $ 1,800.00 | |
| RRO | | $ - | | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0 | $ - | |
| JR | 77.5 | $32,937.50 | 0 | $ - | 72 | $30,600.00 | 11.3 | $ 4,802.50 | 50.3 | $21,377.50 | 36.5 | $15,512.50 | 60.8 | $25,840.00 | 308.4 | $131,070.00 | |
| Total | 77.5 | $32,937.50 | 0.0 | $ - | 80.2 | $32,420.00 | 14.9 | $ 5,662.50 | 61 | $24,247.50 | 41.0 | $16,182.50 | 69.4 | $26,700.00 | 344.0 | $133,150.00 | $ 92,104.61 |

401.60

# M. CUNNINGHAM

| Wrongful Termination 2021 | Jan-21 | | Feb-21 | | Mar-21 | | Apr-21 | | May-21 | | Ju |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours |
| NMN | 0.0 | $ - | 0.4 | $ 120.00 | 0.8 | $ 240.00 | 0.3 | $ 90.00 | 0.9 | $ 270.00 | 0.0 |
| L. Assistant | 10.0 | $ 1,000.00 | 2.4 | $ 240.00 | 23.5 | $ 2,350.00 | 28.2 | $ 2,820.00 | 23.4 | $ 2,340.00 | 3.1 |
| RRO | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0 | $ - | 0.0 |
| JR | 58.5 | $24,862.50 | 45.5 | $19,337.50 | 132.5 | $56,312.50 | 102.5 | $43,562.50 | 87.0 | $36,975.00 | 42.5 |
| Total | 68.5 | $25,862.50 | 48.3 | $19,697.50 | 156.8 | $58,902.50 | 131.0 | $46,472.50 | 111.3 | $39,585.00 | 45.6 |

| | n-21 Fees | Jul-21 Hours | Jul-21 Fees | Aug-21 Hours | Aug-21 Fees | Sep-21 Hours | Sep-21 Fees | Oct-21 Hours | Oct-21 Fees | Nov-21 Hours | Nov-21 Fees | Dec-21 Hours | Dec-21 Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | $ - | 0.5 | $ 150.00 | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - |
| | $ 310.00 | 14.8 | $ 1,480.00 | 3.0 | $ 300.00 | 2.8 | $ 280.00 | 1.8 | $ 180.00 | 1.3 | $ 130.00 | 0.0 | $ - |
| | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - |
| | $18,062.50 | 116.5 | $49,512.50 | 23.5 | $ 9,987.50 | 5.2 | $ 2,210.00 | 15.5 | $ 6,587.50 | 4.8 | $ 2,040.00 | 0 | $ - |
| | $18,372.50 | 131.8 | $51,142.50 | 26.5 | $10,287.50 | 8.0 | $ 2,490.00 | 17.3 | $ 6,767.50 | 6.1 | $ 2,170.00 | 0 | $ - |

| Totals | | | Average Hourly Rate |
|---|---|---|---|
| Hours | | Fees | |
| 2.9 | $ | 870.00 | |
| 114.3 | $ | 11,430.00 | |
| 0 | $ | - | |
| 634 | $ 269,450.00 | | |
| 751.2 | $ 281,750.00 | | $ 375.07 |
| | $ 187,842.73 | | |

# M. CUNNINGHAM

| 2022 | Jan-22 | | Feb-22 | | Mar-22 | | Apr-22 | | May-22 | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees |
| **Wrongful Termination** | | | | | | | | | | |
| NNN | 0.0 | $ - | 2.0 | $ 600.00 | 11.3 | $ 3,390.00 | 3.3 | $ 990.00 | 0.3 | $ 90.00 |
| L. Assistant | 15.5 | $ 1,550.00 | 39.3 | $ 3,930.00 | 20.4 | $ 2,040.00 | 40.0 | $ 4,000.00 | 3.7 | $ 370.00 |
| RRO | 0.0 | $ - | 0.0 | $ - | 4.8 | $ 2,160.00 | 0.0 | $ - | 0.0 | $ - |
| JR | 47.0 | $19,975.00 | 72.5 | $30,812.50 | 44.5 | $18,912.50 | 32.5 | $13,812.50 | 18 | $ 7,650.00 |
| Total | 62.5 | $21,525.00 | 113.8 | $35,342.50 | 81.0 | $26,502.50 | 75.8 | $18,802.50 | 22.0 | $ 8,110.00 |

| | Jun-22 | | Jul-22 | | Aug-22 | | Sep-22 | Oct-22 | Nov |
| Hours | Fees | Hours | Fees | Hours | Fees | Hours | Fees | | |
|---|---|---|---|---|---|---|---|---|---|
| 3.0 | $ 900.00 | 0.5 | $ 150.00 | 56.7 | $ 17,010.00 | 20 | $ 6,000.00 | | |
| 4.4 | $ 440.00 | 0.0 | $ - | 102.6 | $ 10,260.00 | 1.5 | $ 150.00 | | |
| 0.0 | $ - | 0.0 | $ - | 9.2 | $ 4,140.00 | 0 | $ - | | |
| 21 | $ 8,925.00 | 17 | $ 7,225.00 | 168.5 | $ 71,612.50 | 25 | $ 10,625.00 | | |
| 28.4 | $10,265.00 | 17.5 | $ 7,375.00 | 337 | $103,022.50 | 46.5 | $16,775.00 | | |



| Totals | | Dec-22 | -22 |
|---|---|---|---|
| Hours | Fees | | |
| 97.1 | $ 29,130.00 | | |
| 227.4 | $ 22,740.00 | | |
| 14.0 | $  6,300.00 | | |
| 446 | $189,550.00 | | |
| 784.5 | $247,720.00 | | |

**$165,154.92**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

MARK B. CUNNINGHAM,
     Plaintiff,

vs.

CONCENTRIX SOLUTIONS
CORPORATION, formerly known as
CONCENTRIX CORPORATION,
     Defendant.

CIVIL ACTION NO. 4:20cv661

Judge Amos L. Mazzant, III

PROPOSED ORDER

Pending before this Court is Plaintiff's Motion to Alter or  Amend Judgment, In the

Alerternative Motion for  Reconsideration and For Application of Attorney's Fees.  For  good

cause shown, Plaintiff's Motion is hereby **ORDERED** that Plaintiff's Motion is  **GRANTED**.